ROBIE A. SWINK, EMPLOYEE, PLAINTIFF v. CONE MILLS, INC., EMPLOYER, AND LIBERTY MUTUAL INSURANCE COMPANY, CARRIER, DEFENDANTS

No. 8210IC408

(Filed 6 December 1983)

**Master and Servant § 68— workers' compensation—occupational disease—insufficient findings on "significant contribution" to disease**

In a workers' compensation action where plaintiff alleged disability from occupational chronic obstructive pulmonary disease, pursuant to *Rutledge v. Tultex Corp.*, 308 N.C. 85 (1983), the case must be remanded to the Industrial

Commission for findings on the question of "significant contribution" to plaintiff's disabling chronic obstructive pulmonary disease.

ORDER dated 10 May 1983 entered by this Court allowing plaintiff's petition to rehear his appeal. Heard in the Court of Appeals 28 November 1983.

Plaintiff filed this claim under the Workers' Compensation Act alleging disability from occupational chronic obstructive pulmonary disease in August of 1978. Plaintiff's claim was denied by the Industrial Commission by Opinion and Award filed 6 February 1981. The denial of plaintiff's claim was affirmed by Opinion and Award by the Full Commission entered 25 November 1981. On appeal to this court a decision was entered affirming the Opinion and Award of the Full Commission and denying plaintiff's claim. Thereafter, plaintiff filed a Petition for Rehearing, which was allowed, and a subsequent order permitted the filing of new briefs.

*Hassell and Hudson, by Charles R. Hassell, Jr., for plaintiff appellant.*

*Hedrick, Feerick, Eatman, Gardner and Kincheloe, by Philip R. Hedrick for defendants appellees.*

HILL, Judge.

On 5 April 1983 this Court filed an opinion in which we affirmed the decision of the Industrial Commission holding the plaintiff had failed to show that his chronic pulmonary disease and disability were a result of his exposure to cotton dust in his employment with the defendant employer, and therefore, plaintiff had failed in his burden of proof that he was disabled as the result of an occupational disease. *Swink v. Cone Mills*, 61 N.C. App. 475, 300 S.E. 2d 848 (1983). The record relied on by this Court showed that plaintiff's expert witnesses were virtually unanimous in their testimony that plaintiff's cigarette smoking was a major causative factor in his chronic obstructive pulmonary disease; that in their opinion plaintiff's disease "could have" or may have been aggravated by exposure to cotton dust. The "mere possibility of causation" is not sufficient to establish an employee's disease as an occupational disease under the Workers'

Compensation Act. *Walston v. Burlington Industries*, 304 N.C. 670, 679, 285 S.E. 2d 822, 828, *as amended in* 305 N.C. 296 (1982).

Subsequent to the filing of the *Swink* opinion, the Supreme Court rendered an opinion in *Rutledge v. Tultex Corp.*, 308 N.C. 85, 301 S.E. 2d 359 (1983), holding that an employee who suffers from chronic obstructive pulmonary disease is entitled to findings of fact and conclusions of law that said disease is an occupational disease pursuant to G.S. 97-53(13) if it is shown by competent evidence that occupational exposure to a hazard known to cause the disease, such as cotton dust, "significantly contributed" to the causation or development of the disease. The Court defined "significant" as ". . . having or likely to have influence or effect: deserving to be considered: important, weighty, notable." *Id.* at 101-102, 301 S.E. 2d at 370, *quoting*, Webster's Third New International Dictionary (1971). The decision further stated:

> *Significant* is to be contrasted with *negligible, unimportant, present but not worthy of note, miniscule*, or *of little moment*. The factual inquiry, in other words, should be whether the occupational exposure was such a significant factor in the disease's development that without it the disease would not have developed to such an extent that it caused the physical disability which resulted in claimant's incapacity for work.

*Id.* at 102, 301 S.E. 2d at 370. (Original emphasis.)

In addition to the significant contribution test announced in *Rutledge*, the Supreme Court outlined additional factors to be considered by the Industrial Commission in determining work-relatedness of a particular illness. The Court cited such factors as: (1) the extent of the worker's exposure to cotton dust during employment (in the case *sub judice* 38 years of employment during which time the worker's job included blowing off dust and lint with compressed air and mopping with a dry mop, such procedure producing between a peck and one-half bushel of dust and lint daily); (2) the extent of other non-work-related, but contributory exposures and components (in this case cigarette smoking and a history of tuberculosis); and (3) the manner in which the disease developed with reference to claimant's work history (as early as 1955 plaintiff began experiencing chest pains, choking, spitting up cotton lint and dust).

At no time during the proceedings did plaintiff deny that his long history of cigarette smoking played a significant part in the development of his severe obstructive lung disease. With respect to the percentage of causation or assignment of relevant contribution, there was medical evidence on point in this case. With respect to aggravation or acceleration of an injury or disease brought about by occupational exposure, our Supreme Court has held that a disability caused by and resulting from a disease is compensable when ". . . the disease is an occupational disease, or is aggravated or accelerated by causes and conditions characteristic of and peculiar to claimant's employment." *Walston v. Burlington Industries, supra* at 680, 285 S.E. 2d at 828, *as amended in* 305 N.C. 296, 297.

As the record reflects, there is uncontroverted testimony from plaintiff and his three medical witnesses that his 38 years of exposure to cotton dust, combined with his history of cigarette smoking and tuberculosis, probably contributed to his chronic bronchitis and chronic obstructive pulmonary disease, which has been rated as severe. There was further evidence that a probable connection by way of direct causation and/or aggravation existed between plaintiff's occupational exposure to cotton dust and his disabling chronic obstructive pulmonary disease.

We therefore reverse the order of the Commission and remand this case to the Industrial Commission for findings on the question of "significant contribution" and disposition in accordance with the premises set out herein. The decision rendered by this Court in this cause as set forth in 61 N.C. App. 475, 300 S.E. 2d 848 (1983) is superseded by our holding herein, and we withdraw that opinion.

Reversed and remanded.

Judges WELLS and JOHNSON concur.