ETHEL K. CLARK, EMPLOYEE v. AMERICAN & EFIRD MILLS, EMPLOYER AND
AETNA LIFE AND CASUALTY INSURANCE COMPANY, CARRIER

No. 8210IC1283

(Filed 21 February 1984)

**Master and Servant § 68— workers' compensation—occupational disease—insufficient finding on "significant contribution" to disease**

In a workers' compensation case in which plaintiff established the existence of COPD with chronic bronchitis as the only element thereof, in order to conclude that plaintiff did not have an occupational disease within the meaning of G.S. 97-53(13), consistent with *Rutledge v. Tultex*, 308 N.C. 85 (1983), the Commission would have had to make findings, supported by competent record evidence, that plaintiff's exposure to cotton dust was neither a significant contribution to nor a significant causal factor in the development of her disease.

Judge WEBB dissenting.

APPEAL by plaintiff from an opinion and award of the North Carolina Industrial Commission. Opinion and award filed 9 August 1982. Heard in the Court of Appeals 26 October 1983.

On 8 June 1978, plaintiff filed a claim for workers' compensation benefits. Plaintiff alleged that she had worked in defendant's textile mill in Albemarle, North Carolina for thirty-three years. Plaintiff further alleged that her exposure to cotton dust in the mill during that time had resulted in an occupational disease that led to her early retirement at age sixty-two. Plaintiff was referred by the Industrial Commission to a pulmonary specialist, Dr. Kelling, who diagnosed plaintiff as having byssinosis and chronic bronchitis but could not say that plaintiff was disabled. Defendant denied plaintiff's claim for benefits. At defendant's request, plaintiff was examined by a Dr. Harris, who diagnosed her as having chronic respiratory problems, specifically chronic bronchitis, that were not related to cotton dust exposure.

The matter was heard before a deputy commissioner for the Industrial Commission on 7 March 1979 and on 27 November 1979.

The deposition of Dr. Harris was taken on 29 April 1980 and made part of the evidence. On 27 January 1982, an opinion and award was entered which contained the following pertinent findings of fact.

    1. Claimant was born on 26 February 1914. She has an eighth grade education. She went to work for defendant employer during 1943 in the winding room.

    2. Claimant's initial job involved running threads off bobbins onto cones. She retired on 26 February 1976. During this period of employment claimant worked in the winding room. It was adjacent to the spinning room. The machinery she operated during this period of employment included winders, packers, twisters, auto-combers and warpers.

    3. Defendant employer processed cotton. The winding room where claimant worked was quite dusty, especially while the machinery was being blown off. Copious amounts of lint accumulated on claimant during the workday.

    4. Claimant noticed the onset of a severe cough during January 1969. The cough had been occurring to a lesser extent for approximately one year. She was hospitalized for treatment of the cough by Dr. Thomas F. Kelly during February 1969. She was suffering from acute tracheobronchitis. Claimant was unable to work for approximately six months following the February 1969 hospitalization.

    5. Dr. Kelly provided treatment throughout the winter and spring of 1969 for claimant's pulmonary condition. Chest x-ray on 28 March 1969 was negative. Treatment was rendered during March 1969 for infection superimposed on the original cough.

    6. Claimant has never smoked tobacco products.

    7. Claimant retired when she reached age sixty-two because she could no longer work in the dust and lint. She is a reactor to many types of dust and lint.

    8. Respirable material in the winding room where claimant worked aggravated her cough. The cotton dust did not, however, cause or aggravate her basic illness which is chronic bronchitis.

9. Claimant has good preservation of pulmonary function. Her only restrictions are those of a healthy pulmonary environment. She should not be exposed to dust, smoke, fog, fumes or any other respirable pulmonary irritant.

10. Claimant experienced long-term exposure from 1943 through 26 February 1976 to causes and conditions characteristic of and peculiar to the cotton textile industry known to result in chronic obstructive pulmonary disease. The exposure did not, however, cause or materially aggravate her underlying pulmonary disease, which is chronic bronchitis.

Based on the above findings, the deputy commissioner made the following conclusion of law:

Claimant's pulmonary disease, chronic bronchitis, was not caused or materially aggravated by long-term exposure while in defendant's employ to causes and conditions characteristic of and peculiar to the cotton textile industry known to result in chronic obstructive pulmonary disease.

Plaintiff's claim for workers' compensation was denied. Plaintiff appealed this denial to the Full Industrial Commission, which affirmed the Opinion and Award of the deputy commissioner on 9 August 1982. Plaintiff appealed from the order of the Full Commission.

*Hassell, Hudson and Lore, by Charles R. Hassell, Jr., for plaintiff appellant.*

*Hedrick, Feerick, Eatman, Gardner and Kincheloe, by Hatcher Kincheloe, for defendant appellees.*

EAGLES, Judge.

Our review of the order of the Industrial Commission is limited to determining (1) whether the Commission's findings of fact are supported by any competent evidence, and (2) whether those findings justify the legal conclusions and decision of the Commission. *Hansel v. Sherman Textiles,* 304 N.C. 44, 283 S.E. 2d 101 (1981). The question presented is whether the findings of fact regarding plaintiff's chronic bronchitis justify the Commission's conclusion that she did not have an occupational disease within the meaning of the law. G.S. 97-53 provides, in part, as follows:

Clark v. American & Efird Mills

The following diseases and conditions only shall be deemed to be occupational diseases within the meaning of this Article:

. . . .

(13) Any disease, other than hearing loss covered in another subdivision of this section, which is proven to be due to causes and conditions which are characteristic of and peculiar to a particular trade, occupation or employment, but excluding all ordinary diseases of life to which the general public is equally exposed outside of the employment.

Regarding this provision, our Supreme Court, in *Rutledge v. Tultex*, 308 N.C. 85, 301 S.E. 2d 359 (1983), recently held:

[C]hronic obstructive lung disease may be an occupational disease provided the occupation in question exposed the worker to a greater risk of contracting this disease than members of the public generally, and provided the worker's exposure to cotton dust significantly contributed to, or was a significant causal factor in, the disease's development. This is so even if other non-work-related factors also make significant contributions, or were significant causal factors.

*Id.* at 101, 301 S.E. 2d at 369-70.

According to *Rutledge*, chronic obstructive lung disease or chronic obstructive pulmonary disease (COPD) is a condition composed of several elements or components. *Id.* at 94-95, 301 S.E. 2d 365-66, *citing* Bouhuys, Schoenberg, Beck and Schilling, *Epidemiology of Chronic Lung Disease in a Cotton Mill Community*, Service Volume Five of Traumatic Medicine and Surgery for the Attorney 607, reprinted from *Lung-An International Journal on Lungs, Airways, and Breathing*, 154(3): 167-86 (1977). In the present case, the Industrial Commission found as a fact that plaintiff had chronic bronchitis which is, by definition, a chronic lung disease. By the effects that it has on a person, chronic bronchitis, which is not necessarily a work-related disease, is indistinguishable from byssinosis, which is peculiarly if not exclusively related to the work environment in textile mills. *Id.*

We understand *Rutledge* to say that a claimant under the workers' compensation law is not required to establish work-

related byssinosis as a causal element of his or her COPD in order to prove the existence of an occupational disease within the meaning of G.S. 97-53(13). Rather, he or she needs only to establish the existence of COPD and to establish that exposure to cotton dust in the work environment "significantly contributed to, or was a significant causal factor in" the development of the disease. *Rutledge v. Tultex, supra* at 101, 301 S.E. 2d at 369-70.

In the present case, plaintiff has established the existence of COPD with chronic bronchitis as the only element thereof. In order to conclude that plaintiff did not have an occupational disease within the meaning of G.S. 97-53(13) consistent with *Rutledge v. Tultex,* the Commission would have had to make findings, supported by competent record evidence, that plaintiff's exposure to cotton dust was neither a significant contribution to nor a significant causal factor in the development of her disease.

In the recent case of *Swink v. Cone Mills,* 65 N.C. App. 397, 309 S.E. 2d 271 (1983), factually similar to the present case, this Court relied on the *Rutledge* opinion in remanding the cause to the Industrial Commission for findings on the question of "significant contribution." That opinion superseded an earlier opinion in the same case affirming the order of the Industrial Commission denying workers' compensation to the claimant. *Swink v. Cone Mills,* 61 N.C. App. 475, 300 S.E. 2d 848, *superseded and withdrawn,* 65 N.C. App. 397, 309 S.E. 2d 271 (1983). In its opinion and rehearing, the court in *Swink* noted that "the Supreme Court [in *Rutledge*] outlined additional factors to be considered by the Industrial Commission in determining work-relatedness of a particular illness." *Id.,* 309 S.E. 2d at 272. The factors cited were: "(1) [T]he extent of the worker's exposure to cotton dust . . .; (2) the extent of other non-work-related, but contributory exposures and components . . .; and (3) the manner in which the disease developed with reference to claimant's work history." *Id.*

The findings of fact made by the Commission in this case do not adequately address the factors outlined in the *Rutledge* and *Swink* opinions. Both *supra.* Specifically, (1) there are no findings on the question of "significant contribution;" (2) other than noting that claimant was a non-smoker, there is no indication that the Commission considered the extent of other non-work-related but contributory exposures and components; and (3) the findings

regarding the manner in which claimant's disease developed are not sufficiently related to her work history. If the necessary findings cannot be fairly made from the record evidence, an additional evidentiary proceeding would be required.

We reverse the order of the Industrial Commission and remand the cause for disposition in accordance with this opinion.

Reversed and remanded.

Judge PHILLIPS concurs.

Judge WEBB dissents.

Judge WEBB dissenting.

I dissent. I do not believe *Rutledge v. Tultex Corp.*, 308 N.C. 85, 301 S.E. 2d 359 (1983) or *Swink v. Cone Mills*, 65 N.C. App. 397, 309 S.E. 2d 271 (1983) require that this case be remanded. In *Rutledge* the Industrial Commission found that exposure at the claimant's last place of employment did not cause or significantly contribute to the claimant's chronic obstructive lung disease and denied coverage. Our Supreme Court held that this did not determine the case and ordered a remand to determine whether the claimant's exposure to cotton dust while working at the defendant's plant as well as others had significantly contributed to, or had been a significant causative factor in her chronic obstructive lung disease.

In this case the Commission has found as facts that "The cotton dust did not, however, cause or aggravate her basic illness which is chronic bronchitis," and "The exposure did not, however, cause or materially aggravate her underlying pulmonary disease, which is chronic bronchitis." I believe the findings of fact are supported by the evidence and they support the Commission's conclusion that the claimant's illness is not compensable.