Goodman v. Cone Mills Corp.

---

MAE B. GOODMAN, WIDOW OF AND ADMINISTRATRIX OF THE ESTATE OF BROWN B. GOODMAN, DECEASED, EMPLOYEE, PLAINTIFF v. CONE MILLS CORPORATION, EMPLOYER, AND LIBERTY MUTUAL INSURANCE COMPANY, CARRIER, DEFENDANTS

No. 8410IC1051

(Filed 2 July 1985)

**Master and Servant § 68— workers' compensation—chronic obstructive pulmonary disease—exposure to cotton dust not cause**

The evidence, though conflicting, was sufficient to support the Industrial Commission's determination that deceased's chronic obstructive pulmonary disease was not caused or contributed to by his exposure to cotton dust in his employment in the finishing department of defendant's textile plant but was a result of his cigarette smoking.

APPEAL by plaintiff from opinion and award of the North Carolina Industrial Commission filed 4 April 1984. Heard in the Court of Appeals 9 May 1985.

Brown B. Goodman originally filed this Workers' Compensation claim in June 1978 alleging disability due to an occupational disease caused by exposure to cotton dust. Before the claim was heard, Goodman died on 19 January 1979. Thereafter, plaintiff, Brown Goodman's widow and administratrix of his estate, filed claim for his death. Plaintiff's claim was denied by opinion and award filed 1 December 1982 by Commissioner Vance and plaintiff appealed to the Full Commission. The denial of plaintiff's claim was affirmed by opinion and award by the Full Commission entered 4 April 1984. Plaintiff appeals the denial of her claim.

*Charles R. Hassell, Jr., for plaintiff appellant.*

*Hatcher Kincheloe and John F. Morris, for defendant appellees.*

MARTIN, Judge.

Plaintiff argues on appeal that the Industrial Commission erred in finding that Brown Goodman's disability and death were not caused, or contributed to, by his exposure to cotton dust in his employment with Cone Mills. We conclude that the evidence, though conflicting, was sufficient to support the Commission's findings and its denial of plaintiff's claim. Accordingly, we must affirm its decision.

The evidence before the Commission tended to show that Brown Goodman was employed by Cone Mills for 47 years and that he retired on 31 March 1971 at the age of 66. During the entire period of his employment, he worked in the finishing department of Cone Mills' Salisbury plant, which produced, at various times, 100% cotton cloth and cotton/polyester blend cloth. When the cloth reached the finishing department, the cotton fiber had already been spun and woven into cloth, washed, dyed, starched, sized and dried. The further processing of the cloth in the finishing department generated dust in the air from the cloth. Approximately six or seven years before his retirement, Mr. Goodman developed a wheezing cough which would produce sputum of various colors. According to plaintiff's testimony the color of the

sputum would correspond to the color of dye being used at the mill. Mr. Goodman's cough became worse over the next few years.

After his retirement, Mr. Goodman gardened and helped his sons in farming to some extent until 1975. His symptoms persisted after he left the mill. He had smoked approximately a pack of cigarettes per day until 1973, when he stopped smoking. In February 1976, he sought treatment from Dr. Joseph A. Oliver for breathing problems. Dr. Oliver diagnosed Mr. Goodman's condition as emphysema and bronchitis. In February 1977, he was admitted to the hospital suffering from far advanced emphysema, and remained hospitalized for about six weeks. His condition continued to deteriorate, with subsequent hospitalizations for difficulty in breathing, until his death on 19 January 1979. Dr. Oliver determined the cause of death to be "far advanced emphysema with pulmonary failure and arteriosclerotic heart disease."

Dr. Leo J. Heaphy, a specialist in pulmonary medicine, testified for plaintiff. He had not examined Mr. Goodman, but based his testimony on work history, medical records and a history obtained from Mrs. Goodman. Dr. Heaphy testified that in his opinion Mr. Goodman suffered from chronic obstructive lung disease which had been caused, aggravated, accelerated and contributed to by long term exposure to inhaled cotton dust, as well as dust from dyes, sizing and starches, in the mill. In his opinion, Mr. Goodman was severely impaired when he retired in 1971 and totally and permanently disabled in 1975.

Dr. Charles D. Williams, also a specialist in pulmonary medicine, testified for defendants. He, like Dr. Heaphy, had never examined Mr. Goodman, and based his testimony on the medical records, x-ray reports, and the testimony of other witnesses as to work conditions in the finishing department relating to dust. Dr. Williams testified that in his opinion there is no relationship between the development of chronic obstructive lung disease and the inhalation of dust from cotton cloth which has been processed (as opposed to dust from raw cotton), or of dust from the starches and dyes used in the processing of the cloth. In his opinion neither Mr. Goodman's chronic obstructive lung disease nor his death were caused, aggravated or accelerated, in whole or in part, by exposure to cotton, starch or dye dust or any other substances peculiar to Mr. Goodman's employment in the finishing depart-

ment of the mill. Dr. Williams testified that in his opinion the most probable etiological factor to Mr. Goodman's chronic obstructive lung disease was cigarette smoking.

Commissioner Vance found, *inter alia*:

Plaintiff has failed in her burden of proof to show that her decedent husband contacted [sic] chronic obstructive pulmonary disease as a result of the cotton dust in his employment which resulted in his death. *Any chronic obstructive pulmonary disease decedent had was a result of cigarette smoking.* [Emphasis supplied.]

Commissioner Vance concluded:

Plaintiff has failed in her burden of proof to show that her decedent husband's chronic obstructive lung disease was caused by his exposure to cotton dust in his employment with defendant employer, which resulted in his death. G.S. 97-53(13); G.S. 97-38.

In affirming the denial of plaintiff's claim, the Full Commission adopted Commissioner Vance's opinion and award after making the additional finding that:

After reviewing all the competent evidence in this case together with the Opinion and Award of Commissioner Vance, it is the opinion of the Full Commission that the disease suffered by the deceased employee was not caused by or *contributed to in any degree* by his cotton dust exposure. This in effect defeats the claim for disability while deceased employee was living and the claim for death benefits. [Emphasis supplied.]

It is well established that appellate review of decisions of the Industrial Commission is limited to a determination of whether there was competent evidence before the Commission to support its findings and whether such findings support its legal conclusions. *McLean v. Roadway Express*, 307 N.C. 99, 296 S.E. 2d 456 (1982). Findings of fact made by the Commission are conclusive on appeal when sufficient competent evidence exists to support the findings, even though there may be evidence to support contrary findings. *Id.; see also Morrison v. Burlington Industries*, 304 N.C. 1, 282 S.E. 2d 458 (1981).

Disability caused by, or death resulting from, a disease is compensable only when "the disease is an occupational disease, or is aggravated or accelerated by" causes and conditions characteristic of and peculiar to claimant's employment. *Walston v. Burlington Industries*, 304 N.C. 670, 680, 285 S.E. 2d 822, 828, *amended on rehearing*, 305 N.C. 296 (1982). Chronic obstructive lung disease may be an occupational disease provided that the worker's exposure to substances peculiar to the occupation in question significantly contributed to, or was a significant causal factor in the development of the disease. *Rutledge v. Tultex Corp.*, 308 N.C. 85, 301 S.E. 2d 359 (1983). In determining whether exposure to an occupational substance significantly contributed to, or was a significant causal factor in, chronic obstructive lung disease, the Commission may consider medical testimony as well as other factual circumstances in the case, including the extent of the worker's exposure to the substance, the extent of non-occupational but contributing factors, and the manner of development of the disease as it relates to the claimant's work history. *Id.* The burden of proving the existence of a compensable claim is upon the claimant. *Davis v. Raleigh Rental Center*, 58 N.C. App. 113, 292 S.E. 2d 763 (1982).

In the case before us, it is clear that Brown Goodman suffered from chronic obstructive lung disease and that the disease was a cause of his death. However, the evidence with respect to causation was conflicting. Had the Commission accepted Dr. Heaphy's testimony, it could have found that workers in the finishing department were at increased risk, as opposed to the general public, of contracting chronic obstructive lung disease through exposure to dust from cotton, dyes and starch and that Brown Goodman's exposure to those substances was a significant causative factor in the development of his disease along with cigarette smoking. The Commission, in its role as fact finder, chose not to do so. Instead, after considering the likewise competent, but conflicting, evidence offered by Dr. Williams that exposure to dust from processed cotton, dyes and starch, such as is present in the finishing department at defendant's mill, is not related to the development of chronic obstructive lung disease or emphysema so as to place workers such as Brown Goodman at a risk to which the general public is not exposed, the Commission found that plaintiff had failed in her burden of proving that Brown

Goodman's chronic obstructive lung disease was occupational. Dr. Williams testified, and the Commission found that Brown Goodman's chronic obstructive lung disease was not caused, in whole or in part, by exposure to an occupational substance, but was due, instead, to cigarette smoking. Upon such a finding, the Commission was required to conclude that Brown Goodman's disease was not an occupational disease. *See Rutledge v. Tultex Corp., supra* at 107, 301 S.E. 2d at 373.

Plaintiff argues that the Commission erred in its finding because it ruled, in another case, that another worker in the finishing department at Cone Mills, Robie Swink, was entitled to compensation for chronic obstructive lung disease caused by his employment. She argues that the Commission and this court are bound by the decision in *Swink v. Cone Mills, Inc.*, 65 N.C. App. 397, 309 S.E. 2d 271 (1983), and the Commission's findings and conclusions on remand of that case. Plaintiff's argument has no merit, as each case must be considered and decided on the strength of the evidence presented. In *Swink, supra*, this Court noted that the evidence in that case was uncontroverted that Robie Swink's exposure to cotton dust contributed to his disease. Such was not the case as to Brown Goodman; the evidence as to causation was conflicting. The Commission has resolved the conflict against the plaintiff.

Affirmed.

Judges ARNOLD and PARKER concur.