ETHEL K. CLARK, EMPLOYEE, PLAINTIFF v. AMERICAN & EFIRD MILLS, EMPLOYER, AND AETNA LIFE AND CASUALTY INSURANCE COMPANY, CARRIER, DEFENDANTS

No. 8610IC22

(Filed 5 August 1986)

Master and Servant § 68— workers' compensation—byssinosis—denial of compensation—sufficiency of evidence

> Though the evidence in a workers' compensation proceeding would have supported a finding that plaintiff suffered from byssinosis, it was also sufficient to support the Industrial Commission's finding that she suffered from bronchitis which was the result of an earlier bout with pneumonia, and such findings were sufficient to support its denial of compensation.

APPEAL by plaintiff from the North Carolina Industrial Commission opinion and award filed 31 July 1985. Heard in the Court of Appeals 8 May 1986.

This case was previously before the Court of Appeals. Plaintiff filed her initial claim on 8 June 1978, alleging occupational lung disease following her employment of thirty-three (33) years in the cotton textile industry. In an opinion and award filed 27 January 1982, plaintiff's claim was denied. On 9 August 1982, that decision was affirmed in an opinion of the Full Commission. In an opinion filed 21 February 1984 (*Clark v. American & Efird Mills*, 66 N.C. App. 624, 311 S.E. 2d 624 (1984)), this Court reversed the order and remanded the cause for further consideration in light of the decision of *Rutledge v. Tultex Corp.*, 308 N.C. 85, 301 S.E. 2d 359 (1983). On 8 January 1985, the decision of this Court was affirmed *per curiam* by the North Carolina Supreme Court. (*Clark v. American & Efird Mills*, 312 N.C. 616, 323 S.E. 2d 920 (1985).) On 11 February 1985, a Petition for Rehearing (8210IC1283) was filed with the Supreme Court. On 25 February 1985, the Full

Commission entered an order by Commissioner Clay which determined that plaintiff had an occupational disease and awarded her compensation. On 7 March 1985, Commissioner Clay ordered that the 25 February 1985 order be held in abeyance pending the North Carolina Supreme Court's action on the petition for rehearing. On 8 March 1985, defendants gave notice of appeal to this Court. On 2 April 1985, the North Carolina Supreme Court, in conference, denied defendants' petition for rehearing. On 6 May 1985, all parties stipulated that defendants take a voluntary dismissal of their appeal and that the matter would be reheard before the Full Commission. The matter was argued on 26 June 1985. After considering the arguments of counsel, the Full Commission filed an order by Commissioner Stephenson, denying compensation, with Commissioner Brooks concurring and Commissioner Clay dissenting. It is from this opinion that plaintiff presently appeals.

*Charles R. Hassell, Jr., for plaintiff appellant.*

*Hedrick, Eatman, Gardner & Kincheloe, by Hatcher Kincheloe, for defendant appellees.*

JOHNSON, Judge.

Plaintiff Ethel K. Clark worked for employer defendant American & Efird Mills for thirty-three (33) years, from 1943 until 1976. It is the only employment she has ever had. The facts pertinent to this appeal are contained in the following summary of the Commission's factual findings to which no exceptions have been taken: Plaintiff Mrs. Clark was born 26 February 1914 and has an eighth grade education. Plaintiff worked for defendant employer from 1943 until 26 February 1976. Throughout her employment she worked in the winding room where cotton was processed, "generating visible dust in the work environment throughout her work career." From 1943 until 1969 plaintiff had no respiratory illnesses requiring medical attention. In late 1968 or early 1969 plaintiff developed a cough and/or smothering in her chest which led her to consult Dr. Thomas Kelly on 7 January 1969. Dr. Kelly diagnosed Mrs. Clark as having pneumonia. He treated her for the next six months, initially for pneumonitis with a bad cough. After the pneumonitis cleared, plaintiff's cough continued. Thereafter, plaintiff developed a cold on top of the residual cough which

required hospitalization in June of 1969. "Dr. Kelly's observation of plaintiff's cough from January to June of 1969 . . . was that it was one of the worst coughs he had ever seen." Plaintiff did not work from January through June, 1969. During that time "plaintiff's pulmonary problems increased" to the point that she suffered "a significant and continuous chronic bronchitis during this period." Plaintiff continued to cough after returning to work, sometimes requiring her to leave her job for a short period, occasionally causing her to gag and become nauseated. Nonetheless, plaintiff continued in the same position until 1976 with no substantial absences. "Since the development of plaintiff's problems in 1969, the exposure to dust and lint in any place makes her cough." Since 1969 "continuing to the present, the primary feature of plaintiff's lung disease has been a persistent, productive cough."

The findings do not show, although there is evidence to show, that plaintiff has never smoked tobacco products. Plaintiff excepted to the following findings and conclusions of law:

8. After returning to work plaintiff's symptoms remained the same all the way from 1969, when her bronchitis began, through the end of her employment.

9. Beginning in 1969, when she was out for about six months, continuing through the time that she retired and continuing from that time through the time of her hearing in this case, plaintiff's symptoms have been mostly the same. Some days they are worse than others but overall the symptoms have remained constant.

10. Plaintiff worked until February 26, 1976. On that date she became 62 years of age and eligible for Social Security. It was for this reason she retired.

14. Plaintiff suffers from chronic bronchitis. This disease manifests itself as a cough with sputum production for at least 90 days out of the year for two successive years or more. Chronic bronchitis can develop from cotton dust exposure, or as a result of serious respiratory illness, pneumonia, or from a variety of factors, and many times the cause of the disease is unknown and cannot be explained.

15. Plaintiff's chronic bronchitis was caused by the serious respiratory illness and pneumonia that she had in 1969. This is a common occurrence in many individuals. Pneumonia generally is the result of infection. It is not the result of exposure to dust in the cotton textile environment. Plaintiff's chronic bronchitis was not caused, did not have its origin in, and was not contributed to by the textile mill environment. It developed while plaintiff was out of work in early 1969. Once plaintiff's chronic bronchitis developed, exposure to dust in the mill environment increased plaintiff's symptoms. This mill environment, however, did not aggravate or accelerate the development of the bronchitis. Increased cough caused increasing discomfort, but, in plaintiff's case, did not make her basic disease any worse. Once the bronchitis developed while plaintiff was out of work in 1969, her condition remained the same to the time of the hearing.

16. . . . She has no permanent respiratory impairment. . . . On the basis of examinations by Dr. Kelling and Dr. Harris, plaintiff has no restrictions on activity, other than to avoid airway irritants of any type.

17. Plaintiff's employment did not significantly contribute to the development of her respiratory problems and she has sustained no disease which is characteristic of or peculiar to her occupation.

\*     \*     \*

The above findings of fact engender the following

### CONCLUSIONS OF LAW

1. The etiology of plaintiff's chronic bronchitis was the pneumonia and respiratory illness she suffered in 1969. The work she was doing in the cotton textile industry was not a significant causal factor in the development of her chronic bronchitis.

2. Subsequent to the development of chronic bronchitis, plaintiff suffered increased symptoms on exposure to dust of any type. These symptoms were transit [sic], much like the symptoms a person with asthma would have on exposure to ragweed. Those symptoms did not produce any additional

permanent respiratory impairment and such symptoms were not a significant contributing factor to the development of her chronic bronchitis.

2. [sic] Plaintiff's present lung disease was not due, either wholly or in part, to causes and conditions characteristic of and peculiar to the cotton textile environment. Plaintiff does not have an occupational disease. Her respiratory condition was not significantly contributed to in its development (either causally or by aggravation) by exposure to cotton dust in the mill environment.

In plaintiff's first Assignment of Error plaintiff contends there is no competent evidence to support those of the Commission's findings and conclusions stating plaintiff's pulmonary disorder was not significantly caused or aggravated by her exposure to cotton dust in her work place.

We have thoroughly reviewed the record in the case before us. There is substantial evidence in favor of compensation for this woman who worked the majority of her adult life, thirty-three years, for only defendant employer, in a work place she described as so full of cotton dust that "it was just like it was a snowing in there all the time." Nonetheless, we are compelled to affirm the order of the Full Commission denying compensation.

The Industrial Commission is the fact finding body and it is a well settled rule that the findings of fact made by the Commission are conclusive on appeal, if supported by competent evidence. *Hansel v. Sherman Textiles*, 304 N.C. 44, 49, 283 S.E. 2d 101, 104 (1981); *Inscoe v. DeRose Industries, Inc.*, 292 N.C. 210, 215, 232 S.E. 2d 449, 452 (1977); *Vause v. Vause Farm Equipment Co.*, 233 N.C. 88, 93, 63 S.E. 2d 173, 177 (1951). "It is not the role of the Court of Appeals or of [the Supreme Court] to substitute its judgment for that of the finder of fact." *Hansel, supra,* at 50, 283 S.E. 2d at 105. The reviewing court is limited in its inquiry to two questions of law, namely (1) whether there was any competent evidence before the Commission to support its findings of fact; and (2) whether the findings of fact justify the Commission's legal conclusions and decision. *Inscoe, supra,* at 216, 232 S.E. 2d at 452.

It is apparent upon review of the evidence in the record that there is strong and convincing evidence that plaintiff has byssino-

sis or that plaintiff has chronic bronchitis as a result, in whole or in part, of her long exposure to cotton dust. Either finding could more easily be a reasonable interpretation of the evidence than the finding that she had chronic bronchitis caused by pneumonia, a non-work-related cause. However, "[i]t is the duty of the appellate court to determine whether, in any reasonable view of the evidence before the Commission, it is sufficient to support the critical findings necessary for a compensation award [or denial thereof]." *Inscoe, supra,* at 217, 232 S.E. 2d at 453 (*citing Keller v. Electric Wiring Co.,* 259 N.C. 222, 130 S.E. 2d 342 (1963)).

The record includes the testimony of three medical doctors. We find competent evidence to support all the essential findings of the Commission. We shall now focus on the evidence presented regarding the critical issue of causation.

T. Reginald Harris, M.D., a member of the Industrial Commission's panel on pulmonary diseases, was selected by defendant to examine plaintiff. In his expert opinion, plaintiff had chronic bronchitis which was caused by her previous illness of pneumonia. In his deposition, Dr. Harris stated, "But, based on the fact that she had relatively little in the way of problems prior to that illness [pneumonia], it was a severe and significant illness and she, thereafter, had problems that are typical chronic bronchitis . . . I feel that the pneumonia incident was probably significant in her future development of chronic bronchitis." Later, on cross-examination, he stated, "[i]n this particular lady, I felt like her chronic bronchitis was due to causes other than her cotton dust exposure." Also, he related that "[Mrs. Clark] thought that she would improve when she quit work in 1976 and believes that her breathing and cough may be slightly better but still has most of the same symptoms."

Plaintiff rests much of her argument for causation on what she maintains is the medical definition of chronic bronchitis. She asserts that all medical testimony showed that chronic bronchitis is defined to be a persistent cough and sputum production for two years or longer. Because the disease *is* the productive cough, she opines, if the cough increases due to exposure to cotton dust, it necessarily follows that the disease has been aggravated by the cotton dust. Plaintiff further maintains that the testimony of Dr. Harris, to wit: that plaintiff's increased coughing in the presence

of cotton dust did not worsen her "basic" disease (Finding of Fact 15), is, internally inconsistent and therefore renders his testimony incompetent. We decline to accept plaintiff's syllogism. There is ample medical evidence in the record to show that the cough is not *equivalent to* the disease, but is "*manifested* by cough and sputum production" (emphasis added), that the cough and sputum production "are significant factors in the diagnosis of chronic bronchitis." As one specific example, in the written medical report, submitted by Dr. Harris and admitted into evidence, is the statement, "This patient has typical chronic bronchitis as manifested by sputum and cough." We conclude that Dr. Harris' testimony is not incompetent for reason of inconsistency. Accordingly, Finding of Fact 14 and Finding of Fact 15 are supported by the evidence. Moreover, we hold that all the findings are supported by the evidence with the exception of Finding of Fact 10 regarding plaintiff's reason for retiring and portions of Finding of Fact 16. However, we find these errors constitute only harmless errors. We hold that the remaining findings support the conclusions, which, in turn, support the Commission's denial of benefits. Plaintiff's first Assignment of Error is overruled.

In plaintiff's last Assignment of Error, plaintiff contends that the Industrial Commission abused its discretion as follows: (1) by failing to follow the mandate of the appellate courts; (2) by failing to consider appellant's evidence, and (3) by denying the award upon rehearing after initially awarding compensation. We do not agree. We shall address each contention in turn.

When this case was first before this Court to review the order of the Full Commission denying compensation, the order was reversed and the cause remanded. This Court, in an opinion by Judge Eagles, with Judge Webb dissenting, acknowledged that plaintiff had established that she had chronic obstructive pulmonary disease with chronic bronchitis as the only element thereof and that "[b]y the effects that it has on a person, chronic bronchitis, which is not necessarily a work-related disease, is indistinguishable from byssinosis, which is peculiarly if not exclusively related to the work environment in textile mills." *Clark v. American & Efird Mills*, 66 N.C. App. 624, 627, 311 S.E. 2d 624, 626 (1984). This Court remanded the cause to the Industrial Commission for findings on the question of "significant contribution," a test for causation established in the then recent case of *Rutledge*

*v. Tultex Corp.*, 308 N.C. 85, 301 S.E. 2d 359 (1983). Specifically, this Court outlined three factors from *Rutledge, supra*, and *Swink v. Cone Mills*, 65 N.C. App. 397, 309 S.E. 2d 271 (1983), to be considered in determining whether plaintiff's chronic bronchitis was work-related. *Clark, supra*, at 628, 311 S.E. 2d at 627. They are: (1) the extent of the worker's exposure to cotton dust, (2) the extent of other non-work-related, but contributory exposures and components and (3) the manner in which the disease developed with reference to the claimant's work history. *Id.* In a decision *per curiam*, our Supreme Court affirmed and reiterated:

> The Industrial Commission is to determine on remand whether claimant has an occupational disease and whether claimant is disabled as a result thereof in light of the factors enumerated in this Court's opinion in *Rutledge v. Tultex Corporation*, 308 N.C. 85, 301 S.E. 2d 359 (1983).

*Clark v. American & Efird Mills*, 312 N.C. 616, 616, 323 S.E. 2d 920, 920 (1985).

The opinion of the Full Commission presently before us indicates that the Commission did consider these factors in determining whether plaintiff's chronic bronchitis was work-related. Findings of Fact 15 and 17 address the question of "significant contribution." Finding of Fact 15 addresses what the Commission regards as the non-work-related component of her disease. The findings as a whole relate the manner in which plaintiff's chronic bronchitis developed relative to her work history.

It is not error, as plaintiff contends, that the Commission omitted a finding that Mrs. Clark has never smoked tobacco products. *Rutledge, supra*, requires findings regarding only what the Commission deems to be *contributory* exposures and components. *Rutledge* does not require a finding regarding what does not contribute to a claimant's disease. The Commission substantially complied with the orders of the appellate courts.

Plaintiff's two final contentions are without merit. There is no indication in the opinion at issue that the Commission failed to *consider* plaintiff's evidence. The testimonies of the two pulmonary specialists were at odds on the issue of the work-relatedness of Mrs. Clark's disease. As stated previously, the Commission is the fact finder and it cannot be deemed an abuse of discretion

---

that it found facts supporting a denial of compensation. Neither can it be deemed an abuse of discretion by the Commission to award compensation and, upon rehearing, to deny compensation. Defendants gave notice of appeal to the award of compensation. Plaintiff stipulated to a rehearing before the Full Commission and a voluntary dismissal of the pending appeal with full knowledge that the Commission was not compelled to rule in her favor upon rehearing.

The 31 July 1985 opinion of the Full Commission denying compensation is

Affirmed.

Judges WEBB and WHICHARD concur.