MYRTLE R. GOSNEY, WIDOW AND ADMINISTRATRIX OF THE ESTATE OF LOUIS M. GOSNEY, DECEASED, EMPLOYEE, PLAINTIFF v. GOLDEN BELT MANUFACTURING, EMPLOYER, AND SEABOARD FIRE & MARINE INSURANCE COMPANY, CARRIER, DEFENDANTS

No. 8710IC542

(Filed 19 April 1988)

1. **Master and Servant § 68.1— workers' compensation—asbestosis—insufficient exposure to asbestos**

   Evidence was sufficient to support the Industrial Commission's finding of fact and conclusion of law that plaintiff failed to show the length of exposure to asbestos required under N.C.G.S. §§ 97-57 and 97-63 to establish his asbestosis claim where the last possible exposure occurred in February 1975; claimant was required to meet the statutory time limitations between February 1965 and February 1975; there was only one exposure to asbestos of any merit during that time; and this exposure lasted only six days.

2. **Master and Servant § 68— workers' compensation—asbestosis—cigarette smoking as cause of obstructive pulmonary disease—sufficiency of evidence**

   Although there was conflicting medical testimony, there was sufficient evidence to support the Industrial Commission's finding that plaintiff's obstructive pulmonary disease was caused by his fifty pack year history of cigarette smoking and not in significant part by his exposure to cotton dust in his employment.

APPEAL by plaintiff from an Opinion and Award of the Full Commission filed 19 January 1987. Heard in the Court of Appeals 1 December 1987.

*Roger M. Cook and Charles R. Hassell, Jr., for plaintiff-appellant.*

*Hedrick, Eatman, Gardner & Kincheloe, by Hatcher B. Kincheloe and John F. Morris, for defendants-appellees.*

JOHNSON, Judge.

Louis Gosney filed this claim on 15 March 1983 alleging that he suffered from an occupational disease caused by exposure to cotton dust, chemical fumes and asbestos, among other substances, while he was employed by defendant, Golden Belt Manufacturing. He filed an additional claim on 15 August 1983 alleging that the exposure to asbestos and fibers caused him to contract asbestosis, an occupational disease.

Both claims were denied by the Deputy Commissioner, and the denial was affirmed on appeal by the Full Commission, which in so doing, amended finding of fact number 8 to more completely set forth the facts surrounding decedent's exposure to asbestos. In the interim, Louis Gosney died, and his widow and administratrix, Myrtle R. Gosney, was substituted as party-plaintiff. She presently appeals from the Opinion and Award of the Full Commission.

Plaintiff's decedent began working for defendant employer in 1949 as a carpenter, and worked until his early retirement in 1975. Defendant, Golden Belt Manufacturing, was composed of three separate operations, a cotton textile mill, a printing and labeling department, and a textile bag mill. Plaintiff's decedent worked in the carpentry shop, which was located within the confines of the cotton mill building and separated by a fire wall. His duties, which included repairing and replacing windows, patching floors, replacing belts for the machinery, and painting, required him to work throughout all areas of the operation. He spent two or three days each week, on the average, replacing windows in the cotton mill, before its windows were bricked up and air conditioning was installed in 1960. After that time, decedent's work activities in that area substantially decreased, primarily because there were no longer any windows to repair. In 1965, the carpentry shop, decedent's base work station, was moved from the cotton mill to the printing plant, and in 1971, the cotton mill ceased all operations.

The scope of review this Court must utilize when evaluating an award of the Industrial Commission is limited to whether the findings of fact and conclusions of law are supported by competent evidence from the record. *Inscoe v. DeRose Industries, Inc.*, 292 N.C. 210, 232 S.E. 2d 449 (1977). This Court is bound by the Commission's findings when they are supported by direct evidence or by reasonable inferences, although evidence which would support a contrary result may also be present. *Searcy v. Branson*, 253 N.C. 64, 116 S.E. 2d 175 (1960).

In denying compensation on decedent's asbestosis claim, the Full Commission relied upon both G.S. 97-57 and G.S. 97-63. G.S. 97-57 provides, in pertinent part, that "when an employee has been exposed to the hazards of asbestosis or silicosis for as much

as 30 working days, or parts thereof, within seven consecutive calendar months, such exposure shall be deemed injurious but any less exposure shall not be deemed injurious; . . . " G.S. 97-63 in turn states, in pertinent part, that:

> [c]ompensation shall not be payable for disability or death due to silicosis and/or asbestosis unless the employee shall have been exposed to the inhalation of dust of silica or silicates or asbestos dust in employment for a period of not less than two years in this State, provided no part of such period of two years shall have been more than 10 years prior to the last exposure.

The Commission made the following findings of fact to which plaintiff objects by this appeal:

> [Decedent's] restrictive lung disease is caused by his asbestosis. [Decedent] did not have as many as thirty days of exposure to the hazards of asbestos within seven consecutive months while in the employment of the defendant employer. In addition, [decedent's] total exposure to the hazards of asbestos while in the defendant employer's employment did not equal two years.

> 12. [Decedent's] chronic obstructive lung disease was caused by his fifty pack years of cigarette smoking. [Decedent's] chronic obstructive lung disease was not in significant part caused, aggravated or accelerated by his minimal exposure to the hazards of cotton dust in his employment with the defendant employer as a carpenter. Chronic obstructive lung disease not so significantly caused, aggravated or accelerated is an ordinary disease of life to which the general public is equally exposed and is not due to causes and conditions which are characteristic of and peculiar to [decedent's] employment.

[1] Plaintiff first contends that there is no competent evidence in the record to support the Commission's finding of fact and following conclusion that claimant failed to satisfy the statutory requirements needed to establish an asbestosis claim. We cannot agree. As aforementioned, G.S. 97-57 requires a claimant to show exposure of 30 working days within seven consecutive calendar months in order that it may be considered injurious, and G.S. 97-63 requires not less than two years exposure, provided that no part of which shall have occurred 10 years before the last exposure.

The evidence before us establishes that decedent's last day of employment with Golden Belt Manufacturing was 28 February 1975. Therefore, decedent's last possible exposure occurred in February of 1975 and he was required to meet the statutory time limitations between February of 1965 and February of 1975. The evidence, however, establishes only one exposure to asbestos of any merit during that time. The exposure which occurred prior to 1964 cannot be used to calculate decedent's level of exposure since it occurred over ten years prior to the last exposure. Decedent's second exposure occurred in 1966 when he helped to tear out asbestos walls in the print department. The evidence discloses that this activity took a total of approximately six days to complete. There is no evidence to support plaintiff's contention that decedent continued to have exposure to asbestos after 1966 when the asbestos walls were removed. In fact, Benny Parks, engineering manager and decedent's supervisor, testified that after 1966 decedent had no responsibility for maintenance of any asbestos products at Golden Belt Manufacturing.

Therefore, we hold that the evidence is sufficient to support the Commission's finding of fact and conclusion of law that plaintiff failed to show the length of exposure to asbestos required under G.S. 97-57 and G.S. 97-63.

[2] Plaintiff next contends that there is no competent evidence in the record to support the Commission's finding and conclusion of law that decedent's chronic obstructive pulmonary disease was caused by his fifty pack year history of cigarette smoking and not in significant part by decedent's exposure to cotton dust in his employment.

Our Courts have held that in order for a claimant suffering from chronic obstructive lung disease to receive compensation, the employee must show: (1) that the occupation in question exposed him to a greater risk of contracting the disease than ordinary members of the public, and (2) that the employee's exposure to substances peculiar to the occupation in question significantly contributed to, or was a significant causal factor in, the disease's development. *Rutledge v. Tultex Corp.*, 308 N.C. 85, 301 S.E. 2d 359 (1983); *Goodman v. Cone Mills Corp.*, 75 N.C. App. 493, 331 S.E. 2d 261 (1985).

At the hearing before Deputy Commissioner Page, medical evidence was introduced through testimony by Dr. Herbert Sieker, decedent's treating physician since December of 1982, testimony by Dr. D. Allen Hayes, and through the testimony of Dr. Hillis Seay, a member of the Advisory Medical Commission for the Industrial Commission, who testified before Deputy Commissioner Haigh.

Dr. Hayes, an expert in the field of pulmonary medicine, who examined decedent at defendant's request for the purpose of rendering a diagnosis, testified to the following: that based upon the history related to him by decedent, decedent had a forty-eight to fifty pack year history of tobacco usage; that decedent spent 10% of his time working in the cotton mill where he was exposed to cotton dust; that decedent's impairment in lung function was primarily due to airway obstruction which is secondary to tobacco consumption, rather than to the mild impairment secondary to asbestosis; that based upon his findings and testing, the decedent's obstructive pulmonary disease could have been caused entirely by the consumption of cigarettes; and that he did not feel that exposure to cotton dust at Golden Belt Manufacturing was a significant contributing factor to the development of decedent's chronic obstructive pulmonary disease.

Although decedent's personal physician testified that decedent's exposure to cotton dust, while employed by defendant employer, significantly contributed to the development of his pulmonary disease, and that this occupation placed him at an increased risk of developing the disease, we are required to affirm the decision of the Commission. The Industrial Commission is the sole judge of the credibility of the witness and the weight to be given to his testimony. "The Commission may accept or reject the testimony of a witness solely on the basis of whether it believes the witness or not." *Hilliard v. Apex Cabinet Company*, 305 N.C. 593, 595, 290 S.E. 2d 682, 684 (1982) (citation omitted). The Commission has resolved the conflict in medical testimony against the plaintiff and entered its findings of fact and conclusions of law accordingly. As the findings of fact to which plaintiff objects were based upon competent medical testimony, we are not at liberty to disturb the Opinion and Award on appeal. Accordingly, the decision is

Affirmed.

Judges ARNOLD and ORR concur.