905 So.2d 925 (2005)
CITY OF COOPER CITY/FLORIDA MUNICIPAL INS. TRUST/FLORIDA LEAGUE OF CITIES, Appellants,
v.
Ronald FARTHING, Appellee.
No. 1D04-2697.
District Court of Appeal of Florida, First District.
May 27, 2005.
Rehearing Denied July 6, 2005.
*926 David M. Schweiger and Tamara M. Scrudders of Johnson, Anselmo, Murdoch, Burke, Piper & McDuff, P.A., Fort Lauderdale, for Appellants.
Edward F. Holodak of Edward F. Holodak, P.A., Hollywood, for Appellee.

ON MOTION FOR REHEARING AND/OR CLARIFICATION
ERVIN, J.
We strike appellee's motion for rehearing and/or clarification as untimely under Florida Rule of Appellate Procedure 9.330(a). On our own motion, however, we reconsider and withdraw our previous opinion,[1] and substitute the following. See Dart v. State, 417 So.2d 1165 (Fla. 1st DCA 1982).
This is a workers' compensation appeal from a final order determining appellee/claimant Ronald Farthing's condition, chronic obstructive pulmonary disease (COPD), a compensable occupational disease. Because we find no competent, substantial evidence supporting such decision, we reverse and remand for further proceedings.
Claimant, a tradesworker/maintenance foreman for the employer, City of Cooper City, performed on behalf of the City maintenance, plumbing, and repair work between 1985 and 2000. His duties required repeated exposure to chemicals and other irritants. In 1993, Farthing, a heavy smoker for 30 years, was diagnosed with COPD, a disease which includes asthma, emphysema, and bronchitis. On August 15, 2000, Farthing terminated his employment because of his disabling condition and sought compensation benefits under the theory that his COPD was an occupational disease. All of the physicians who examined claimant opined that his personal addiction to tobacco was the major contributing cause of the COPD, while his exposure to employment conditions played a minor causative role. Following two evidentiary hearings, the judge of compensation claims (JCC) decided Farthing had satisfactorily established that he suffered from an occupational disease, as defined in section 440.151, Florida Statutes (2000), which requires a claimant to satisfy all of the prongs of the following test:
(1) the disease must be actually caused by employment conditions that are characteristic of and peculiar to a particular occupation;
(2) the disease must be actually contracted during employment in the particular occupation;
(3) the occupation must present a particular hazard of the disease occurring so as to distinguish that occupation from usual occupations, or the incidence of the disease must be substantially higher in the occupation than in usual occupations; and
(4) if the disease is an ordinary disease of life, the incidence of such a disease must be substantially higher in the particular occupation than in the general public.
Broward Indus. Plating, Inc. v. Weiby, 394 So.2d 1117, 1119 (Fla. 1st DCA 1981).
After finding that claimant had satisfied the first three prongs, the JCC concluded as to the fourth, based upon this court's opinion in Watkins Engineers & Constructors v. Wise, 698 So.2d 294 (Fla. 1st DCA 1997), that although claimant had not presented *927 any evidence showing the incidence of COPD was substantially higher in his particular occupation than in the general public, it was instead the employer/carrier's (E/C) initial burden, because the E/C had raised the defense, to prove that COPD was an ordinary disease of life, and, as it had not offered such evidence, the claimant was relieved from the burden of complying with the final criterion. As a result, the JCC decided that all of the occupational disease criteria had been established. We cannot agree.
It is possible the JCC may have concluded that the claimant in Watkins, who also suffered from COPD, was not required to prove compliance with the ordinary-disease standard in that this court held, because COPD was an occupational disease, claimant was not required to prove that the employment was the major contributing cause of the disease,[2] due to the unique provisions applicable to such diseases under section 440.151.[3] If so, his construction was incorrect. No issue was before the court in Watkins regarding whether COPD is an occupational disease, or whether it is an ordinary disease of life, requiring satisfaction of the fourth criterion. In fact, both the medical evidence in this case relating to the causation of claimant's disease, and substantial case law establish that COPD, acquired during one's employment, is an ordinary disease of life. See, e.g., Gosney v. Golden Belt Mfg., 89 N.C.App. 670, 366 S.E.2d 873 (1988) (chronic obstructive lung disease is an ordinary disease of life); Caskey v. Dan River Mills, Inc., 225 Va. 405, 302 S.E.2d 507 (1983) (COPD is an ordinary disease of life); Bunney v. Indus. Comm'n, 75 Ill.2d 413, 27 Ill.Dec. 472, 389 N.E.2d 536 (1979) (emphysema is an ordinary disease of life). Once a defense is raised that a disease is "ordinary," this court's case law has convincingly established it is the claimant's burden to prove the contrary, or that the occurrence "of such disease is substantially higher in claimant's occupation than in other occupations." Glasrock Home Health Care v. Leiva, 578 So.2d 776, 778 (Fla. 1st DCA 1991).
Farthing did neither. The only evidence he submitted relevant to the question was that he was the single employee within his occupation who suffered from COPD. No studies were presented showing that the incidence of COPD in his particular occupation, tradesworker/maintenance foreman, was higher than in the public at large. It is clear that claimant failed to meet his burden to prove the disease with which he is afflicted met the standards required by section 440.151.
Farthing alternatively argues that even if he did not establish that COPD is an occupational disease, the compensation order can be upheld on the theory of repetitive trauma. We agree there is evidence that may show that claimant's exposure to chemicals and irritants on the job aggravated his previously asymptomatic COPD to produce disability or need for treatment. See, e.g., Prewitt v. Principal Health Care, 752 So.2d 96 (Fla. 1st DCA 2000); Broward Indus. Plating, Inc. v. Weiby, 394 So.2d 1117 (Fla. 1st DCA 1981); Cast Crete Corp. v. Duncan, 383 So.2d 245 (Fla. 1st DCA 1980). When an injury combines with a preexisting condition to cause disability or need for treatment, section 440.09(1)(b), Florida Statutes *928 (2000), requires the claimant to show that the workplace injury contributed more than the preexisting disease to the disability or need for treatment. This court has held that this major-contributing-cause requirement of section 440.09(1)(b) is satisfied by proof that workplace exposure aggravated a preexisting disease. J & J Enters. v. Oweis, 733 So.2d 1149 (Fla. 1st DCA 1999); Mellon Sec. & Sound v. Custer, 687 So.2d 1372 (Fla. 1st DCA 1997). We direct the JCC to consider this theory of recovery on remand.
We REVERSE and REMAND for further proceedings consistent with this opinion.
PADOVANO and LEWIS, JJ., concur.
NOTES
[1] City of Cooper City v. Farthing, 898 So.2d 1189 (Fla. 1st DCA 2005).
[2] In 2003, the legislature amended the statute, which now requires medical proof that the employment be the major contributing cause of the disease. § 440.151(1)(a), Fla. Stat. (2003).
[3] Among other things, the statute authorized apportionment of compensation to causes that are personal and employment related.