962 So.2d 361 (2007)
Thomas J. GIOVANINI, former husband, Appellant,
v.
Donna L. GIOVANINI, former wife, Appellee.
No. 1D06-3274.
District Court of Appeal of Florida, First District.
July 24, 2007.
David W. Palmer, II, Fort Walton Beach, for Appellant.
Tony Simpson, Shalimar, for Appellee.

ON MOTION FOR REHEARING
HAWKES, J.
We deny Appellant's motion for rehearing. However, this court, sua sponte, withdraws its previous opinion, and substitutes this opinion in its place. See City of Cooper City/Fla. Mun. Ins. Trust/Fla. League of Cities v. Farthing, 905 So.2d 925, 926 (Fla. 1st DCA 2005) (withdrawing opinion and reconsidering its merits upon the court's own motion); Winn-Dixie Stores, Inc. v. Reddick, 954 So.2d 723 725 (Fla. 1st DCA 2007) (same).
This is Appellant's second appeal of this case. The case stems from a 1988 final dissolution order wherein the trial court ordered Appellee to receive 43% of Appellant's military retirement benefit as of the date of the parties' divorce. However, Appellee was required to wait until Appellant actually retired before having the dollar amount determined, and to begin receive those benefits. Appellant retired in 2001, and from that time forward he has litigated the amount of Appellee's entitlement and the trial court's subject matter jurisdiction to determine the amount. In this second appeal, it appeared to this court that all of the claims Appellant raised were either raised in the first appeal, or those not raised in the first appeal were wholly without legal merit. Consequently, this court issued an order to show cause as to why it should not, sua sponte, impose attorney's fees against Appellant pursuant to section 57.105, Florida Statutes.
The show cause order listed ten separate claims raised by Appellant on appeal. As to each claim, this court ordered Appellant to show cause as to why fees should not be imposed on the claim pursuant to section 57.105, Florida Statutes, on the basis that the claim was either barred by res judicata, or otherwise without legal merit. Claims Appellant was ordered to address that were deemed without legal merit included his challenges to the trial court's subject matter jurisdiction to enforce its previous orders; his motion to impose section 57.105 fees against the Clerk of the circuit court, when the Clerk was not a party to the action; and his challenge to the trial court's broad discretion to schedule its own docket.
Appellant's reply to this court's show cause order was wholly unresponsive. Accordingly, attorney's fees pursuant to section 57.105, Florida Statutes are hereby imposed against Appellant.
*362 This cause is REMANDED to the trial court to determine a reasonable fee. The trial court's order is AFFIRMED in all respects.
BROWNING, C.J., and POLSTON, J., concur.