POLLY LUCAS v. BUNN MANUFACTURING CO., SELF-INSURED (ALEXSIS, INC., SERVICING AGENT)

No. 8710IC696

(Filed 31 May 1988)

**Master and Servant § 77.1— workers' compensation—back injury—return to work —increased pain—inability to work—change of condition—sufficiency of evidence**

> The Industrial Commission's finding of fact that a substantial change occurred in plaintiff's condition was supported by competent evidence where plaintiff and her husband testified that her condition was worse after she went back to work than it was when the Industrial Commission determined that she had a 15% permanent partial disability of the back; they also testified that she was not able to work in the mill or to do her housework; her doctor testified that her condition had changed considerably and she needed further treatment for the condition; she had more limited motion and spasm in the muscles; and the doctor testified that she could not work. N.C.G.S. § 97-47.

APPEAL by defendant from the Opinion and Award of the North Carolina Industrial Commission filed 2 February 1987. Heard in the Court of Appeals 5 January 1988.

On 30 April 1984, while working as a hemmer in defendant's garment factory, plaintiff sustained an injury to her back covered by the Workers' Compensation Act. Surgery was required and in

December 1984, at the end of the healing period, based upon the opinion of plaintiff's surgeon, Dr. Dhillon, the parties agreed with the Industrial Commission's approval that plaintiff, though able to return to work, had a 15% permanent partial disability of the back for which the last payment was made on 21 February 1985. On 3 January 1985 plaintiff resumed working as a hemmer—not with defendant who then had no openings but with another apparel manufacturer—but had to quit on 1 February 1985 because of increasing back pain. After examining plaintiff and prescribing some therapy that had to be discontinued because she could not tolerate it, Dr. Dhillon was of the opinion that a myelogram and other tests of plaintiff's back were needed before he could prescribe for her further. Defendant refused to authorize and pay for the tests, contending that its obligations to plaintiff terminated with the Commission's approval of the foregoing agreement. Following hearings requested by plaintiff Deputy Commissioner Lawrence B. Shuping, Jr. found and concluded that a substantial change occurred in plaintiff's condition after the December 1984 agreement was approved and that she was then temporarily totally disabled and entitled to further workers' compensation benefits. Defendant appealed to the Full Commission, which adopted and affirmed the opinion and award.

*Kelly & West, by J. Thomas West, for plaintiff appellee.*

*Maupin Taylor Ellis & Adams, by Richard M. Lewis and Steven M. Rudisill, for defendant appellant.*

PHILLIPS, Judge.

Though the December 1984 agreement upon being approved by the Industrial Commission became in effect a final award, since it determined the extent of plaintiff's permanent disability and left no other issue for determination, the award is nevertheless subject to modification, as both parties concede, if a substantial change of condition has occurred, as the Commission found. G.S. 97-47; *Pratt v. Central Upholstery Co., Inc.*, 252 N.C. 716, 115 S.E. 2d 27 (1960). Thus, the sole question for determination is whether the Commission's finding of fact that such a change in plaintiff's condition did occur is supported by any competent evidence. If it is the Commission's finding is conclusive and the decision must be affirmed. *Morrison v. Burlington Industries*, 304 N.C. 1, 282 S.E. 2d 458 (1981).

Quite clearly the Commission's finding is supported by competent evidence. In addition to the testimony of plaintiff and her husband to the effect that her condition was worse after she went back to work than it was when the agreement was made, and that now she is neither able to work in the mill nor do her housework, Dr. Dhillon stated, either in his testimony or 23 February 1985 letter, the following:

It is also my opinion that this patient's condition has considerably changed from the November time when she was discharged from here and that she needs further treatment for this condition.

\* \* \*

[O]n February 1, 1985 . . . [s]he had marked limitation of motion. There was spasm in the muscle, and I felt that the symptoms were due to scarring following the operation, pinching the nerve. She was put on medication, advised to rest, use heat. Saw her again on February 8. Symptoms had persisted, with pain in back and leg. She was advised to take traction; took one or two courses of traction but could not tolerate it.

. . . .

Q When you rated her, was she having pain down to the end of her feet?

A She was having back pain and some discomfort in her legs. I think her leg symptoms are worse.

. . . .

Q Have you any objective findings at this time that she has a recurrent disc rupture or nerve root compression or bulging disc?

A Mostly based on her symptoms of increased spasm and limited motion.

. . . .

Q So, the only difference at this time is her increased complaints of pain?

A Increased complaints of pain and more limited motion and spasm in the muscles.

. . . .

The most likely cause of symptoms is irritation of nerve.

. . . .

[W]hen she returned in the month of February, her symptoms were a little more than before and she had increased spasm, more limited motion, and at that time I did not release her for work.

. . . .

Q In February you felt like she could not work at all?

A She could not work.

Defendant's argument that no substantial change of condition had occurred because plaintiff's pain and other symptoms were only "slightly worse" than before misses the point. In determining if a change of condition has occurred entitling an employee to additional compensation under G.S. 97-47 the primary factor is a change in condition affecting the employee's physical capacity to earn wages, *Pratt v. Central Upholstery Co., Inc., supra*; and while the physical and symptomatic changes that occurred here — increases in the intensity and frequency of pain and muscle spasms and a decrease in the movement of the back muscles — may not appear to be great when considered by themselves and measured in the abstract, their effect upon the plaintiff was very profound, indeed, reminiscent of the straw and the camel's back, because they changed her from a person capable of working and earning wages five days a week to one incapable of working at all and earning anything.

Affirmed.

Judges JOHNSON and ORR concur.