ALBERT JONES, Employee, Plaintiff v. CANDLER MOBILE VILLAGE, Employer, and MARYLAND CASUALTY INS. CO., Carrier, Defendants

No. 9410IC547

Filed 16 May 1995

**Workers' Compensation § 425 (NCI4th)— back injury—subsequent depression—no change of condition found—no error**

The Industrial Commission did not err in finding that plaintiff had not experienced a substantial change in condition after an award for a back and leg injury, though plaintiff did offer evidence that he experienced depression, since there was no evidence that plaintiff's injury had caused disabling depression.

**Am Jur 2d, Workers' Compensation §§ 652-657.**

Appeal by plaintiff from an award of the Industrial Commission entered on 2 March 1994. Heard in the Court of Appeals on 20 February 1995.

*Ganly, Ramer & Finger, by Thomas F. Ramer, for the plaintiff.*

*Harrell & Leake, by Larry Leake, for the defendant Candler Mobile Village, Inc.*

JONES v. CANDLER MOBILE VILLAGE

[118 N.C. App. 719 (1995)]

WYNN, Judge.

Plaintiff, Albert Jones, was employed by defendant, Candler Mobile Village, Inc., as a mobile home salesman when he suffered an injury to his back on 2 December 1989 which was compensable under the Workers' Compensation Act. Plaintiff was examined by Dr. Lawrence Van Blaricom and complained of pain in his lower back and left leg. He continued to suffer from pain after Dr. Van Blaricom performed surgery to correct a herniated disc in his back. Even though he continued to experience pain and weakness in his legs, Dr. Van Blaricom determined that plaintiff had reached maximum medical improvement and released him to return to work on 22 January 1991.

In February 1991, plaintiff changed jobs and began working for A & N Mobile Home Sales. On 15 May 1991, plaintiff entered into a settlement agreement with defendant in which it agreed to compensate plaintiff for a ten percent permanent partial disability to his back. Two days later, on 17 May 1991, plaintiff was laid off by his employer.

Plaintiff continued to suffer from pain in his lower back and left leg and was examined by Dr. Van Blaricom in July, October, and November 1991. Dr. Van Blaricom determined that plaintiff was depressed as a result of the chronic pain and recommended that he consult with the Blue Ridge Mental Health Center and seek treatment from a chronic pain program. Plaintiff did not follow up on these recommendations.

Dr. Van Blaricom testified that plaintiff's wife called him several times after plaintiff's last visit in November 1991 concerned that her husband was depressed and constantly suffering from back pain. Dr. Van Blaricom stated that plaintiff's disability rating had not changed and that his opinion that plaintiff suffered from depression was based upon the information he received from plaintiff's wife. Dr. Van Blaricom also testified that he had no way of knowing whether plaintiff was actually depressed.

Dr. Robert Ray Jolley testified that he examined plaintiff and performed a psychiatric disability determination evaluation for Social Security purposes. Dr. Jolley stated that plaintiff suffered from depression but did not have an opinion as to whether this depression was disabling.

The Industrial Commission made the following conclusions:

1. Plaintiff has not experienced a substantial change in his condition as the same existed on May 15, 1991 when he entered into a

settlement agreement, Form 26, for a ten percent permanent partial disability to his back as a result of an injury by accident on December 2, 1989. Neither has the plaintiff sustained a substantial change in his condition since July 8, 1991, which was the date that the North Carolina Industrial Commission approved the Form 26 Agreement entered into by the parties as a result of plaintiff's ten percent permanent partial disability to his back.

2. Any depression from which the plaintiff may be suffering as a result of his December 2, 1989 compensable injury by accident is not disabling and has not prevented him from returning to employment similar to that which he held at the time of his compensable injury by accident or even during the early months of 1991.

3. Plaintiff is not entitled to further compensation pursuant to the Workers' Compensation Act.

From this determination, plaintiff appeals.

I.

Plaintiff first assigns error to the Commission's finding that he did not experience a substantial change in condition. Plaintiff contends he presented sufficient evidence that he suffered from depression and that this depression reduced his earning ability. We disagree.

When reviewing appeals from the Industrial Commission, this Court's inquiry is limited to two questions of law: "(1) whether there was any competent evidence before the Commission to support its findings of fact; and (2) whether the Commission's findings of fact justify its legal conclusions and decision." *Sanderson v. Northeast Constr. Co.*, 77 N.C. App. 117, 120, 334 S.E.2d 392, 394 (1985); *Watkins v. City of Asheville*, 99 N.C. App. 302, 392 S.E.2d 754, *disc. review denied*, 327 N.C. 488, 397 S.E.2d 238 (1990). The Commission's findings of fact are conclusive on appeal if supported by competent evidence even though there is evidence to support a contrary finding. *Morrison v. Burlington Industries*, 304 N.C. 1, 282 S.E.2d 458 (1981). The Commission's findings of fact may be set aside on appeal only where there is a complete lack of competent evidence to support them. *Click v. Pilot Freight Carriers, Inc.*, 300 N.C. 164, 265 S.E.2d 389 (1980).

N.C. Gen. Stat. § 97-47 provides that "on the grounds of a change in condition" the Commission may review any award and end, dimin-

ish, or increase the compensation previously awarded. N.C. Gen. Stat. § 97-47 (1991). As our Supreme Court explained:

> Change of condition "refers to conditions different from those existent when the award was made; and a continued incapacity of the same kind and character and for the same injury is not a change of condition . . . the change must be actual, and not a mere change of opinion with respect to a pre-existing condition." . . . Change of condition is a substantial change, after a final award of compensation, of physical capacity to earn and, in some cases, of earnings.

*McLean v. Roadway Express, Inc.*, 307 N.C. 99, 103-4, 296 S.E.2d 456, 459 (quoting *Pratt v. Central Upholstery Co.*, 252 N.C. 716, 722, 115 S.E.2d 27, 33-34 (1960) (citation omitted)); *see Haponski v. Constructor's Inc.*, 87 N.C. App. 95, 360 S.E.2d 109 (1987). This Court has held that if an employee receives a compensable injury and as a result suffers from depression which adversely affects the employee's ability to work, the depression is a change of condition under N.C. Gen. Stat. § 97-47. *See Lucas v. Bunn Mfg. Co.*, 90 N.C. App. 401, 368 S.E.2d 386 (1988); *Haponski*, 87 N.C. App. at 105, 360 S.E.2d at 114; *Fayne v. Fieldcrest Mills, Inc.*, 54 N.C. App. 144, 282 S.E.2d 539 (1981), *disc. review denied*, 304 N.C. 725, 288 S.E.2d 380 (1982).

In the instant case, the Commission found that plaintiff had not established that his injury had caused disabling depression. Dr. Jolley testified that plaintiff suffered from depression, but had no opinion as to whether plaintiff was capable of working.

Dr. Van Blaricom testified that plaintiff's back condition had not changed, but that plaintiff suffered from overlying depression which made his condition worse. The Commission, however, found that any depression from which plaintiff has been suffering is not disabling and has not prevented him from working. The Commission essentially discounted Dr. Van Blaricom's testimony because he relied mainly upon information from plaintiff's wife in reaching his determination that plaintiff suffered from depression and this diagnosis was not based upon his examination of plaintiff. The Commission is the sole judge of the credibility of a witness and the weight to be given to his testimony. *Gosney v. Golden Belt Mfg.*, 89 N.C. App. 670, 366 S.E.2d 873, *disc. review denied*, 322 N.C. 835, 371 S.E.2d 276 (1988). There is competent evidence in the record to support this finding. This assignment of error is without merit.

II.

Plaintiff next assigns error to the Commission's finding that his back and leg pain did not change after he signed the compensation agreement with defendant. Plaintiff argues that the Commission ignored its own finding that he was terminated because his condition had deteriorated. We disagree.

The Commission found that plaintiff's condition had not changed, as provided by N.C. Gen. Stat. § 97-47, since plaintiff's disability rating had not changed. Dr. Van Blaricom testified as follows:

Q.  Dr. Van Blaricom, did you form an opinion as to whether or not Mr. Jones's physical and mental condition had changed from the time you rated him in January until the time you dictated your 12/11/91 note?

A.  I felt that his basic back pathology or condition had not changed, but he was definitely worse off because of an overlying depression that had gotten worse.

While both Dr. Van Blaricom and Dr. Jolley testified that plaintiff was depressed because of his injury, there was no evidence that this depression prevented plaintiff from working which is essential in order to show a change of condition under N.C. Gen. Stat. § 97-47. *See Lucas*, 90 N.C. App. at 404, 368 S.E.2d at 388 (The plaintiff's increased pain changed her "from a person capable of working and earning wages five days a week to one incapable of working at all and earning anything."). This assignment of error is without merit.

Accordingly, the award of the Industrial Commission is

Affirmed.

Chief Judge ARNOLD and Judge MARTIN, John C. concur.