The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before former Deputy Commissioner Pittman and the briefs and oral arguments before the Full Commission. The appealing party has shown good ground to reconsider the evidence and amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
In addition to the Pre-Trial Agreement, the medical records and plaintiff's responses to interrogatories and requests for production attached thereto, the parties furthermore stipulated as follows:
1. Form 22 regarding plaintiff's earnings which was received into evidence in claim number 409513 at the time of the hearing as Stipulated Exhibit Number 1;
2. Form 18 in claim number 409513 received into evidence at the time of the hearing as Stipulated Exhibit Number 2; and
3. A log sheet dated March 29, 1993 received into evidence at the time of the hearing as Stipulated Exhibit Number 3.
* * * * * * * * * * *
The Full Commission modifies the findings of fact found by the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. At the time of the hearing in this matter, plaintiff was a 60 year old male with a ninth grade education who had been employed as a bus driver with defendant-employer for approximately 20 years. Plaintiff last worked for defendant-employer on March 29, 1993.
2. On April 18, 1983, plaintiff sustained a compensable back injury while employed with defendant-employer. Thereafter, plaintiff underwent a cervical laminectomy and subsequently returned to work on September 21, 1983.
3. On October 25, 1986, plaintiff sustained a second compensable back injury when an automobile entered the path of the bus which plaintiff was driving resulting in an accident. Thereafter, plaintiff subsequently underwent a lumbar laminectomy at the L5-S1 level and was unable to engage in work activities through December 15, 1988. As a result of said injury, plaintiff sustained a 15% permanent partial disability to his back for which he received compensation benefits.
4. On May 23, 1990, plaintiff sustained a change of condition from the October 25, 1986 injury resulting in a second surgery to his lower back on June 7, 1990. This second surgery performed by Dr. Leroy Allen was again a lumbar laminectomy at the L5-S1 level. Plaintiff was assigned an additional 10% permanent partial disability rating to the back for which he received compensation benefits. Plaintiff remained out of work as a result of said surgery from June 7, 1990 until July 31, 1990.
5. On September 13, 1990 plaintiff sustained a compensable back injury when the bus which he was driving ran over a bump in the road's surface. As a result of this injury, a third lumbar surgery was performed on October 25, 1990 at the L5-S1 level to remove a further herniation of the disc which had been partially removed in the previous two surgeries. Plaintiff received an additional 5% permanent partial disability rating to his back again for which he received compensation benefits. Thereafter, plaintiff remained out of work from September 24, 1990 until February 28, 1991. Plaintiff last received compensation benefits as a result of his September 13, 1990 injury on November 25, 1992.
6. When plaintiff sustained a compensable injury in 1986, defendant-employer was insured by Travelers Insurance Company. When plaintiff sustained a compensable injury in September 1990, defendant-employer was insured by Maryland Casualty Company. On March 29, 1993 the defendant-employer was self-insured and the third party administrator was Key Risk Management Services.
7. Subsequent to returning to work in February 1991, plaintiff continued to experience reoccurrence of lumbar and radicular pain for which he sought treatment at the Raleigh Neurosurgical Clinic. When last seen on August 28, 1991, the office notes reveal that plaintiff was still complaining of low back and right leg pain which seemed to be getting worse. Furthermore, following his return to work in February 1991, plaintiff complained to co-employees that he continued to experience problems with back pain. However, plaintiff remained capable of performing his work duties for defendant-employer from February 28, 1991 until March 29, 1993.
8. On March 29, 1993, Plaintiff suffered an injury by accident to his back in that he sustained a specific traumatic incident of the work assigned when he twisted to get out of his bus seat. At the time of the injury, plaintiff felt numbness and pain radiating into his right hip and leg. Plaintiff immediately notified his supervisor and was later relieved from completing his route.
9. Plaintiff was examined by Dr. Robert L. Allen, a neurosurgeon, on April 5, 1993. When seen by Dr. Allen on April 5, 1993, plaintiff related that his back pain began approximately one week earlier when he noticed a "pull" in his back when getting up from his bus seat which was localized in his right hip area. Dr. Allen advised conservative treatment and released plaintiff from work activities until April 14, 1993. If plaintiff's condition failed to improve he was return to see Dr. Allen for additional studies.
10. As continuing treatment with Dr. Allen was not authorized, although plaintiff continued to experience back and leg pain he did not return to Dr. Allen for further treatment; but rather continued to be seen by Dr. Darkes, an internist with Kaiser, for treatment of his back condition. Dr. Darkes continued to treat plaintiff conservatively including referring plaintiff to physical therapy. Initially, plaintiff related an improvement in his symptoms with physical therapy; however, when last seen in physical therapy on June 3, 1993, plaintiff continued to complain of low back pain which radiated into his right lower extremity and ceased physical therapy as of June 3, 1993 as it was not improving his symptoms.
11. Since plaintiff last worked on March 29, 1993, plaintiff has been unable to sit for greater than twenty minutes at a time without experiencing an exacerbation of his back and leg pain; therefore, plaintiff has been unable to return to his prior employment with defendant-employer as a bus driver.
12. When considering plaintiff's age, education and prior work experience in conjunction with his physical limitations, plaintiff has sustained a significant loss of his wage earning capacity and defendants have not shown that there is employment available which plaintiff could have obtained when considering his age, education, work experience and physical limitations.
13. The Forms 22 stipulated to by the parties in the Pre-Trial agreement and submitted by the parties indicate that plaintiff's average weekly wage on March 29, 1993 was $513.38, which yields a weekly compensation rate of $342.27.
* * * * * * * * * * *
Based on the findings of fact and conclusions of law, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On March 29, 1993, plaintiff suffered an injury by accident in that he sustained a specific traumatic incident of the work assigned. G.S. 97-2(6).
2. Plaintiff is entitled to compensation at the rate of $342.27 per week beginning March 30, 1993 and continuing barring a change of condition, return to work or further Order of the Industrial Commission for the temporary total disability he has sustained as a result of said injury by accident. G.S. § 97-29;Lucas v. Bunn Manufacturing Company, 90 N.C. App. 401,368 S.E.2d 386 (1988).
3. Plaintiff is entitled to have defendants provide all medical treatment arising from the injury by accident to the extent said treatment tends to effect a cure, give relief and lessen plaintiff's disability.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
AWARD
1. Defendant-employer and Key Risk Management shall pay plaintiff temporary total disability compensation benefits at the rate of $342.27 per week beginning March 30, 1993 and continuing thereafter subject to a change in condition, return to work or further Order of the Industrial Commission. Those amounts which have accrued shall be paid in a lump sum. This award is subject to the attorney's fee hereinafter approved.
2. Defendant-employer and Key Risk Management shall pay all medical expenses incurred by plaintiff as a result of this injury by accident.
3. A reasonable attorney's fee in the amount of 25% of the compensation awarded herein is hereby approved for plaintiff's counsel, which is the percentage previously awarded when this injury was found compensable by Deputy Commissioner Ford on June 25, 1992. This amount shall be deducted from the accrued benefits due plaintiff and thereafter defendants shall forward every fourth check of compensation benefits to plaintiff's counsel until plaintiff is no longer entitled to compensation.
This is the _____ day of October, 1996.
 S/ __________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/ ______________________ J. RANDOLPH WARD COMMISSIONER
S/ ______________________ BERNADINE S. BALLANCE COMMISSIONER