The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Garner. As the appealing parties have not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives, the Full Commission adopts the Opinion and Award of the Deputy Commissioner with minor modifications as follows:
***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers Compensation Act.
2. An employer-employee relationship existed between plaintiff and defendant-employer at the times in question.
3. The carrier liable on the risk is correctly named above.
4. Plaintiffs average weekly wage is $335.93, which yields a compensation rate of $223.96 per week.
5. Defendant-employer admits plaintiff sustained an injury on 26 July 1991.
6. Defendant-employer admits the injury arose out of and in the course of employment and is compensable.
7. Various medical records and other documents have been stipulated into evidence with the Pre-Hearing Agreement. Payroll information for plaintiff from 1996 was provided after the hearing before the Deputy Commissioner.
***********
Based on the credible evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiffs claim was originally heard before a Deputy Commissioner on 28 June 1994. Subsequently, by Opinion and Award filed 26 March 1996, the Full Commission found as fact that on 26 July 1991, plaintiff sustained an injury by accident to her back resulting in an L5-S1 diskectomy and fusion surgery performed by Dr. Gerald Coniglio on 1 October 1992. The Full Commission further found that plaintiff reached maximum medical improvement on 2 November 1993, and awarded prior temporary total disability benefits and a 5 percent permanent partial disability of her back. The Commission determined that plaintiff had not undergone a sufficient job search and that she was able to work with no noted limitations.
2. By Form 33 dated 25 April 1996, plaintiff has alleged a substantial change of condition since the 28 June 1994 hearing and requested additional compensation and medical treatment.
3. Before filing the Form 33, plaintiff requested that defendants approve further medical treatment but it was not authorized.
4. From 20 May 1994 through 14 August 1995, plaintiff underwent related treatment for associated pain with board certified pain manager and anesthesiologist Dr. Francisco Naveira at North Carolina Baptist Hospital.
5. On 28 February 1996, Dr. Naveira noted plaintiffs level of pain was much worse and increased her methadone. Furthermore, he recommended an MRI which was performed on 20 March 1996 and revealed disk space narrowing at the L5-S1 which is the level that was the subject of the earlier operation. On 29 March 1996, plaintiff reported her pain level had continued to increase.
6. Therefore, a diagnostic bilateral L4-5 and L5-S1 facet joint injection was performed which gave minimal relief and reduced the pain level temporarily for about six hours. This temporary relief was consistent with and indicative of pain coming from the facet which can be affected when there is any type of back surgery. Based on plaintiffs pain and the lack of relief from the injection, Dr. Naveira recommended a dorsal column stimulator on 15 May 1996. However, plaintiff declined the dorsal column stimulator after reviewing a video tape of the surgical procedure.
7. From July of 1996 until 23 October 1996, plaintiff attempted working as a waitress at Western Steer Steakhouse which was her first job since 10 October 1991 when she last worked at Delta Woodsides. She quit her job at Western Steer Steakhouse because she wanted to work as a waitress at Ryans Steakhouse. However, she worked at Ryans for only a month and quit due to pain.
8. Thereafter, on 29 November 1996, neurologist Dr. Jason Greenberg began treating plaintiff upon referral from the North Carolina Baptist Hospital Emergency Room. Plaintiff complained of worsening pain to him. Therefore, Dr. Greenberg placed plaintiff on "no work status from 29 November 1996 through 1 February 1997 and instituted limitations of 10 to 20 pounds lifting and bending only as comfortable thereafter. Plaintiff was capable of sedentary work within the restrictions given by Dr. Greenberg as of 1 February 1997. However, plaintiff required additional treatment ultimately resulting in surgery.
9. Dr. Naveira again noted plaintiffs worsening pain on 13 December 1996. A CT scan performed on 13 February 1997 revealed mild L5-S1 facet sclerosis or arthritis most likely resulting from the prior surgery.
10. On 22 April 1998, plaintiff presented to orthopedist Dr. Alfred L. Rhyne, III, with complaints of back and left leg pain. Plaintiff was seeking a second opinion regarding the recommendation that she undergo the implantation of a dorsal spine stimulator. Dr. Rhyne obtained an MRI of the lumbar spine and a discogram to determine the specific location of plaintiffs continuing pain. The tests revealed some fissuring of the L5-S1 disc resulting from plaintiffs prior back surgery. Dr. Rhyne recommended and ultimately performed the surgical removal of the disc on 2 June 1998.
11. Deborah Haynes, a friend who helps with plaintiffs housework and has seen plaintiff one or two times each week, observed that plaintiff appeared to have increasing pain. Furthermore, plaintiff is no longer able to tend her flowers or garden.
12. Since the 28 June 1994 hearing, plaintiffs pain in her back and down her leg has intensified over time. Moreover, plaintiffs level of pain is real and she is not malingering. As of 29 November 1996, plaintiffs pain had substantially worsened and as a result she sustained a substantial change of condition when she was taken out of work by Dr. Greenberg.
13. Plaintiff has failed back syndrome and depression likely resulting from the original injury and surgery. A failed back syndrome is chronic pain that is significant, recurring and difficult to treat.
14. The 2 June 1998 surgery was necessitated by plaintiffs prior compensable back surgery and is a continuation of that procedure. As a consequence of the surgery and the post-operative recovery period, plaintiff is capable of employment in sedentary light duty positions.
15. As a result of the 2 June 1998 surgery, plaintiff is no longer in need of the surgical implantation of a dorsal column stimulator.
***********
Based on the foregoing stipulations and findings of fact, the undersigned make the following:
CONCLUSIONS OF LAW
1. Plaintiffs pain level increased significantly and she became incapable of earning wages beginning 29 November 1996. Her increased pain has resulted in additional treatment including surgery and a diminution in her ability to work. Plaintiff is now capable of sedentary light duty work. The significant increased pain and reduction in physical capacity to work has resulted in a change of condition as of 29 November 1996. N.C. Gen. Stat. 97-47;Lucas v. Bunn Mfg. Co., 90 N.C. App. 401, 368 S.E.2d 386 (1988).
2. Plaintiff is entitled to temporary total compensation beginning 29 November 1996 and continuing until she returns to work at the same or greater wages or further order of the Commission. N.C. Gen. Stat. 97-29 and 97-30.
3. Plaintiff is entitled to related medical treatment which tends to effect a cure, provide relief or lessen the period of plaintiffs disability, with the exception of the dorsal column stimulator, from 28 June 1994 and continuing for future treatment, including the surgical and related post-operative treatment provided by Dr. Rhyne. N.C. Gen. Stat. 97-25.
***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following
AWARD
1. Defendants shall pay plaintiff temporary total disability compensation at the rate of $223.96 per week, beginning 29 November 1996 and continuing until plaintiff returns to work at the same or greater wages or further order of the Commission.
2. An attorney fee in the amount of 25% of the award is hereby approved for plaintiffs counsel. Said amount shall be deducted from the aforesaid lump sum award and shall be paid directly to plaintiffs counsel. In addition, every fourth check due plaintiff shall be deducted and sent directly to plaintiffs counsel.
3. Defendants shall pay all necessary reasonable medical expenses, with the exception of the dorsal column stimulator, incurred or to be incurred by plaintiff as a result of the compensable injury which effect a cure, give relief or tend to lessen plaintiffs period of disability.
4. Defendants shall pay the costs due the Commission.
***********
This the ___ day of December, 1999.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/________________ RENÉE C. RIGGSBEE COMMISSIONER
S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
DCS: nwg