JENNIE HUGHES, Employee, Plaintiff-Appellant,
v.
FRITO LAY, INC., Employer, RSKCO, Carrier, Defendants-Appellees.
No. COA07-1510
Court of Appeals of North Carolina
Filed July 1, 2008
This case not for publication
Tania L. Leon, P.A., by Tania L. Leon, for Plaintiff-Appellant.
Young Moore and Henderson P.A., by Zachary C. Bolen, for Defendants-Appellees.
McGEE, Judge.
Jennie Hughes (Plaintiff) appeals from an opinion and award of the North Carolina Industrial Commission (the Commission) filed on 7 September 2007 upon remand from our Court. For the reasons set forth herein, we affirm.
The Commission entered an opinion and award on 27 August 2004, in which it recited the parties' stipulation that Plaintiff sustained a compensable injury by accident on 28 August 2001. The Commission made the following finding of fact regarding whether Plaintiff's psychological problems were caused by her compensable injury:
25. Based upon the greater weight of the evidence, [P]laintiff's need for treatment for her psychological problems, which, according to Dr. Carter, primarily related to her frustration with efforts to return her to work and her lack of control over her medical care and return-to-work situation, flowed directly from and was a direct and natural result of conditions related to her compensable injury. Plaintiff's psychological problems were not disabling. Plaintiff continued to work while receiving psychiatric consultations and by 26 July 2002, her generalized anxiety disorder had nearly resolved. No weight is given to Dr. Carter's opinion that [P]laintiff was not capable of returning to work due to impaired concentration and focus.
However, the Commission concluded as follows:
2. Because the compensability of [P]laintiff's original injury is not in dispute, [D]efendants have the burden of proving that [P]laintiff's musculoskeletal problems, including pain in her back, knee, hip, arm, and shoulder are not the result of or causally related to her original injury by accident. Parsons v. Pantry, Inc., 126 N.C. App. 540, 485 S.E.2d 867 (1997). Based on the greater weight of the evidence, [D]efendants have met this burden only as to [P]laintiff's psychological problems.
The Commission also concluded:
5. Plaintiff is entitled to the payment of medical expenses incurred or to be incurred for the treatment of the injury to her back, right knee, right hip, right arm, and right shoulder and her psychological condition related to her injury so long as such treatment is reasonably required to effect a cure, give relief, and/or lessen [P]laintiff's disability.
As to the issue of disability, the Commission found:
27. As a result of her 28 August 2001 injuryby accident to her back, right knee, right hip, right arm, and right shoulder and related conditions, [P]laintiff has been unable to earn wages in any position with [D]efendant-[E]mployer or in any other employment for the period from 7 March 2002 through the present and continuing.
The Commission concluded:
4. As a result of her 28 August 2001 injury by accident and related conditions, [P]laintiff is entitled to be paid by [D]efendants ongoing total disability compensation at the rate of $620.00 per week for the period of 7 March 2002 through the present and continuing until further order of the Commission. N.C. Gen. Stat. § 97-29.
Plaintiff and Defendants appealed to our Court.
On appeal, Defendants argued that "the Commission's Opinion and Award [was] inherently contradictory on the issue of psychological causation and that the Commission erred by finding and concluding [P]laintiff's psychological condition was causally related to her elbow injury." Hughes v. Frito Lay, Inc., 176 N.C. App. 189, 625 S.E.2d 916 (2006) (unpublished). Plaintiff cross-appealed and argued that "the Commission erred in finding [P]laintiff's psychological problems [were] not disabling and in finding and concluding that [Defendants had] met their burden of showing [P]laintiff's psychological problems [were] not the result of her original compensable injury." Id. Our Court held:
Because it is not possible to divine the true intent of the Commission based upon the record before this Court, we must remand this issue back to the Commission so that it may make proper findings of fact that are not inherently contradictory and that adequately support its conclusions of law.
Id. Defendants also argued that "the Commission erred when it found [P]laintiff was totally disabled because of her injury at work." Id. Our Court recognized that it was "unclear from the record whether [P]laintiff [had] shown that, due solely to her physical conditions, she [was] unable to earn the same wages she had earned before the injury, either in the same employment or in other employment." Id. Our Court further recognized that the "only support found in the record for an award for total disability is Dr. Carter's opinion that [P]laintiff was not capable of returning to work due to her impaired concentration and focus." Id. However, our Court held as follows:
As discussed above, the Commission's findings regarding [P]laintiff's psychological disability are inconsistent and cannot support a finding of total disability. As the Commission's findings on [P]laintiff's disability are inconsistent, and it is unclear from the record before this Court whether [P]laintiff met her burden of establishing her ongoing total disability, we must also remand this issue back to the Commission so that it may make proper findings of fact that adequately support its conclusions of law.
Id. Defendants also argued the Commission "erred in concluding [P]laintiff was entitled to ongoing total disability benefits because [D]efendants failed to offer [P]laintiff any job after her completion of jury duty in June of 2002." Id. As to this issue, our Court held as follows:
In the instant case, it is unclear whether [P]laintiff met her initial burden and so whether suitable employment was offered or refused is not at issue. Therefore, as in Issue III, supra, we remand this issue back to the Commission to determine whether, after making proper findings of fact as to disability, this issue is relevant.
Id.
On remand, the Commission issued an opinion and award on 7 September 2007. Regarding the issue of causation, the Commission determined in finding of fact number 27 that "[P]laintiff's need for treatment for her psychological problems was not a direct and natural result of conditions related to her compensable injury." As to disability, the Commission found that "[t]here is insufficient evidence in the record from which to determine [P]laintiff's disability after 9 July 2002, although Dr. Taub continued to provide treatment after that date." The Commission concluded as follows: "[P]laintiff has the burden of proving disability, and [P]laintiff has not shown she made reasonable efforts to secure suitable employment or that seeking suitable employment would be futile or that due to her injury she has obtained employment earning less than pre-injury wages." The Commission ordered Defendants to pay to Plaintiff total disability compensation at the rate of $620.00 per week from 28 August 2001 through 9 July 2002. The Commission also determined that Plaintiff was "entitled to permanent partial disability compensation at the rate of $620.00 for a period of 36 weeks for the fifteen percent (15%) rating to her right arm." The Commission further determined that Defendants were entitled to a credit for wages Plaintiff earned during the periods she returned to a modified job and for any overpayment of temporary total disability compensation Plaintiff had received. The Commission ordered Defendants to pay for "all related medical expenses incurred or to be incurred by [P]laintiff in the future, for the treatment of her back, right knee, right hip, right arm, and right shoulder so long as such treatment is reasonably required to effect a cure, give relief, and/or lessen [P]laintiff's disability." Plaintiff appeals.
Review by this Court of an opinion and award of the Commission is limited to a determination of "whether any competent evidence supports the Commission's findings of fact and whether [those] findings . . . support the Commission's conclusions of law." Deese v. Champion Int'l Corp., 352 N.C. 109, 116, 530 S.E.2d 549, 553 (2000). If supported by competent evidence, the Commission's findings are conclusive, even if the evidence also might have supported contrary findings.Jones v. Candler Mobile Village, 118 N.C. App. 719, 721, 457 S.E.2d 315, 317 (1995). Our review "`goes no further than to determine whether the record contains any evidence tending to support the finding.'" Adams v. AVX Corp., 349 N.C. 676, 681, 509 S.E.2d 411, 414 (1998) (quoting Anderson v. Construction Co., 265 N.C. 431, 434, 144 S.E.2d 272, 274 (1965)), reh'g denied, 350 N.C. 108, 532 S.E.2d 522 (1999). "[E]vidence tending to support [the] plaintiff's claim is to be viewed in the light most favorable to [the] plaintiff, and [the] plaintiff is entitled to the benefit of every reasonable inference to be drawn from the evidence." Id.; see also Hollman v. City of Raleigh, 273 N.C. 240, 252, 159 S.E.2d 874, 882 (1968) (recognizing that "our [Workers'] Compensation Act should be liberally construed to effectuate its purpose to provide compensation for injured employees . . ., and its benefits should not be denied by a technical, narrow, and strict construction"). However, we review the Commission's conclusions of law de novo. McRae v. Toastmaster, Inc., 358 N.C. 488, 496, 597 S.E.2 695, 701 (2004).

I.
Plaintiff argues that finding of fact number 27 is not supported by competent evidence. Finding of fact number 27 reads as follows:
Based upon the greater weight of the evidence, [P]laintiff's need for treatment for her psychological problems was not a direct and natural result of conditions related to her compensable injury. Dr. Dupuy testified that [P]laintiff's diagnoses of depression, anxiety, and panic disorder were not related to her compensable injury. The opinions of Dr. Carter and Ms. Vigeant are unpersuasive and provide insufficient proof that [P]laintiff's job duties or her compensable injury caused her psychological symptoms, or that her psychological problems were a direct and natural consequence of her compensable injury.
The supporting evidence for finding of fact number 27 is found in the testimony of Dr. DuPuy. As the finding states, Dr. DuPuy testified that Plaintiff's diagnoses of psychological problems were not related to her compensable injury.
Plaintiff argues that Dr. DuPuy's testimony does not constitute competent evidence. She argues that Dr. DuPuy lacks adequate expertise to speak competently on this matter because he is neither a psychiatrist nor a psychologist. However, we must find only that there was "`any'" competent evidence tending to support the Commission's finding. Adams, 349 N.C. at 681, 509 S.E.2d at 414 (quoting Anderson, 265 N.C. at 434, 144 S.E.2d at 274). Dr. DuPuy is a qualified physician who testified that he has experience seeing patients who have developed psychological conditions as a result of physical injuries.
Plaintiff contends that Dr. DuPuy was discredited in finding of fact number 25. Plaintiff implies that the Commission's own findings indicate, or lead to a strong inference, that Dr. DuPuy is not qualified to be considered a medical expert in the present context. Finding of fact number 25 reads as follows:
The opinions of Dr. DuPuy on [P]laintiff's work restrictions and ability to work are given less weight than the opinions of [P]laintiff's newly designated treating physician, Dr. Taub. Dr. DuPuy's opinion that [P]laintiff had no restrictions as of 12 August 2002, is contrary to the FCE he ordered, and Dr. DuPuy's testimony that certain symptoms, such as [P]laintiff's knee pain, were not related to her fall contradicts his medical records.
However, the fact that the Commission discounted Dr. DuPuy's medical opinions within a particular domain of diagnosis does not imply a blanket dismissal of his medical expertise. Finding of fact number 25 does not address the Commission's view of the reliability of Dr. DuPuy's opinion concerning the presence of a causal connection between Plaintiff's injury and her psychological conditions. As noted, Dr. DuPuy testified that he has experience in dealing with patients who have psychological conditions as a result of physical injuries. It is well settled that the Commission is the "sole judge of the weight and credibility of the evidence[.]" Deese, 352 N.C. at 116, 530 S.E.2d at 553. On appeal, this Court may not re-weigh evidence or assess credibility of witnesses. Adams, 349 N.C. at 681, 509 S.E.2d at 414. In the case before us, the Commission determined that Dr. DuPuy was sufficiently reliable on this issue, and it was within the Commission's discretion to do so.
Plaintiff further argues that the Commission should not have rejected the opinions of Dr. Carter and Ms. Vigeant. However, while the Commission must consider all of the evidence, the Commission may choose not to believe the evidence after considering it.Lineback v. Wake County Board of Commissioners, 126 N.C. App. 678, 680, 486 S.E.2d 252, 254 (1997). In the case before us, the Commission considered the testimony of Dr. Carter and Ms. Vigeant and deemed their opinions "unpersuasive." It was within the Commission's discretion to do so.
Plaintiff argues that the Commission likewise should not have rejected the medical opinion of Dr. Taub. However, as finding of fact number 23 states, "Dr. Taub did not address [P]laintiff's alleged mental problems in his deposition." Accordingly, Dr. Taub did not present any testimony on this subject for the Commission to consider. Plaintiff nonetheless contends that "[t]he Commission fails to cite the opinion of designated treating physician Taub that [P]laintiff's depression and anxiety were related to her industrial accident." Here, Plaintiff refers to a note made by Dr. Taub upon seeing Plaintiff on 8 August 2002. In the note, under the heading "Impression," Dr. Taub wrote the following: "Depression and anxiety related to her work related injury." We note first that it is not entirely clear whether Dr. Taub's notation is intended to convey his own opinion of the causal relation between Plaintiff's mental conditions and her injury from accident, or whether Dr. Taub instead was simply taking note of Plaintiff's own account of the matter. We also note that Dr. Taub chose not to make any statement on the matter in his subsequent deposition. The Commission has the discretion to weigh the totality of this evidence as it considers appropriate.
Plaintiff also argues that the Commission's refusal to give weight to the opinions of Dr. Carter and Ms. Vigeant, and to Dr. Taub's note, violates the axiom in our precedent that "evidence tending to support [the] plaintiff's claim is to be viewed in the light most favorable to [the] plaintiff, and [the] plaintiff is entitled to the benefit of every reasonable inference to be drawn from the evidence."Adams, 349 N.C. at 681, 509 S.E.2d at 414.
Plaintiff's argument misuses the precedent upon which it relies. Plaintiff appears to interpret Adams as compelling the Commission to weigh the conflicting evidence before it in favor of Plaintiff. Our Court, however, has held that "[t]he Industrial Commission has the duty and authority to resolve conflicts in the testimony whether medical or not, and the conflict should not always be resolved in favor of the claimant." Cauble v. The Macke Co., 78 N.C. App. 793, 795, 338 S.E.2d 320, 321 (1986). We overrule these assignments of error.

II.
Plaintiff next argues that, with regard to the Commission's determination that Plaintiff was not entitled to total disability compensation after 9 July 2002, the Commission failed to make appropriate findings of fact based upon the competent evidence presented.
"[The] [p]laintiff bears the burden of proving by the preponderance of the competent, credible evidence that her disability is causally related to her employment with [the] defendant." Hardin v. Motor Panels, Inc., 136 N.C. App. 351, 356, 524 S.E.2d 368, 372, disc. review denied, 351 N.C. 473, 543 S.E.2d 488 (2000). The Commission determined that Plaintiff did not meet her burden of showing she was disabled after 9 July 2002. Plaintiff's argument implies that this determination was in error because the Commission failed to make appropriate findings of fact based on competent evidence offered on Plaintiff's behalf.
In order to support a conclusion of disability, the Commission must find the following:
(1) that [the] plaintiff was incapable after his injury of earning the same wages he had earned before his injury in the same employment, (2) that [the] plaintiff was incapable after his injury of earning the same wages he had earned before his injury in any other employment, and (3) that this individual's incapacity to earn was caused by [the] plaintiff's injury.
Hilliard v. Apex Cabinet Co., 305 N.C. 593, 595, 290 S.E.2d 682, 683 (1982). An employee may meet this burden of proof in four ways: (1) medical evidence that, as a consequence of the work-related injury, the employee is incapable of work in any employment; (2) evidence that the employee is capable of some work, but has been unsuccessful, after reasonable efforts, in obtaining employment; (3) evidence that the employee is capable of some work, but that it would be futile to seek employment because of preexisting conditions, such as age or lack of education; or (4) evidence that the employee has obtained employment at a wage less than that earned prior to the injury. Russell v. Lowes Product Distribution, 108 N.C. App. 762, 765, 425 S.E.2d 454, 457 (1993).
Plaintiff argues that the Commission should have made a finding of fact regarding Dr. Taub's opinion that, as of May 2003, Plaintiff was disabled. She refers to a 5 May 2003 clinic note in which Dr. Taub wrote that Plaintiff "continues to be disabled at this point." However, "[t]he Commission is not required . . . to find facts as to all credible evidence. That requirement would place an unreasonable burden on the Commission. Instead, the Commission must find those facts which are necessary to support its conclusions of law." London v. Snak Time Catering, Inc., 136 N.C. App. 473, 476, 525 S.E.2d 203, 205 (internal citation omitted), cert. denied, 352 N.C. 589, 544 S.E.2d 781 (2000). Finding of fact number 31 states in part that "[t]here is insufficient evidence in the record from which to determine [P]laintiff's disability after 9 July 2002[.]" This supports Conclusion of Law 4, which holds that Plaintiff is entitled to total disability compensation through 9 July 2002, but not after that date. Evidence supporting finding of fact number 31 includes the medical notes of both Dr. Taub and Dr. DuPuy. Dr. Taub released Plaintiff to return to her modified job on 9 July 2002. Dr. DuPuy released Plaintiff to return to a modified job as early as 9 October 2001 and released Plaintiff to return to her pre-injury duties on 12 August 2002.
Plaintiff also argues that the Commission failed to recognize that "`medical evidence that a plaintiff suffers from genuine pain as a result of a physical injury, combined with the plaintiff's own credible testimony that [her] pain is so severe that [she] is unable to work, may be sufficient to support a conclusion of total disability by the Commission.'" Davis v. Harrah's Cherokee Casino, 178 N.C. App. 605, 615, 632 S.E.2d 576, 583 (2006) (quoting Knight v. Wal-Mart Stores, Inc., 149 N.C. App. 1, 8, 562 S.E.2d 434, 440 (2002), aff'd per curiam, 357 N.C. 44, 577 S.E.2d 620 (2003)), aff'd as modified, 362 N.C. 133, 655 S.E.2d 392 (2008). Plaintiff then notes that Dr. Taub diagnosed Plaintiff as suffering from chronic pain, and that Plaintiff testified that she suffered debilitating, ongoing pain. Plaintiff contends that the Commission should have made a finding of fact concerning Dr. Taub's diagnosis and Plaintiff's testimony.
According to Davis and Knight, the type of evidence Plaintiff presented on this point "`may be sufficient to support a conclusion of total disability by the Commission.'" Davis, 178 N.C. App. at 615, 632 S.E.2d at 583 (quoting Knight, 149 N.C. App. at 8, 562 S.E.2d at 440). However, there is no indication that this type of evidence obligates the Commission to reach such a conclusion. The Commission thus had the option to make a finding of fact regarding this evidence, but it was not in error for failing to do so. Plaintiff argues that "there is no competent evidence in the record that contradicts Dr. Carter's expert medical opinion that [Plaintiff's] psychological condition prevents her from returning to work." This contention is undercut by the fact that both Dr. Taub and Dr. DuPuy agreed that Plaintiff could return to work, and only disagreed about the nature of the work Plaintiff was capable of performing. Dr. DuPuy released Plaintiff to work without restrictions as of 12 August 2002. The limitation that Dr. Taub placed upon Plaintiff's ability to work was based upon Plaintiff's physical limitations as described in her functional capacity evaluation, not on Plaintiff's psychological state. Both doctors were aware of Plaintiff's own concerns about her psychological health. The fact that they both nonetheless stated that Plaintiff could return to work therefore serves as evidence that counters Dr. Carter's opinion. We overrule the assignments of error grouped under this argument.
Affirmed.
Judges ELMORE and JACKSON concur.
Report per Rule 30(e).